BAY TRUST COMPANY *v.* DOW CHEMICAL COMPANY.

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT—SUPREME COURT.
   The Supreme Court may not substitute its judgment of the facts for that of the workmen's compensation commission, if there is any competent testimony in the record to support the findings of the commission.

2. SAME—PROXIMATE CAUSE—EVIDENCE—TOE INJURY—DEATH.
   Defendant's employee who suffered an injury to a toe on his right foot in June, 1943, and the testimony showed there was successively an amputation of such toe and then the right leg over a year later and death some three years thereafter with some testimony that death was due to chronic infection traceable to the injury and that it was a contributing factor in the death, the workmen's compensation commission's finding that the injury was a contributing cause of death *held*, supported by evidence.

3. SAME—CONSTRUCTION OF STATUTES.
   In construing section of the workmen's compensation act relating to payment of compensation to dependents, other sections of

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Workmen's Compensation, § 530 *et seq.*
[3]  58 Am Jur, Workmen's Compensation, § 26.
[4]  58 Am Jur, Workmen's Compensation, § 166.
[4]  "Dependency" within workmen's compensation acts.  13 ALR 686; 30 ALR 1253; 35 ALR 1066; 39 ALR 313; 53 ALR 218; 62 ALR 160; 86 ALR 865; and 100 ALR 1090.

the act referring to death benefits payable to dependents must be read (CL 1929, §§ 8421, 8423).

4. SAME—DEATH BENEFITS—DATE OF INJURY.

The right of dependents to compensation arises under the workmen's compensation act as of the date of the injury since that is the date on which dependency is determined, it being expressly provided that their right to death benefits becomes fixed at such time (CL 1929, §§ 8421, 8423).

5. SAME—DEATH BENEFITS.

Death benefits under the workmen's compensation act include dependency compensation (CL 1929, §§ 8421, 8423).

6. SAME—STATUTES—DEATH BENEFITS—DEPENDENCY BENEFITS.

The right to workmen's compensation being statutory, death benefits for the last sickness and funeral expenses of a deceased employee become fixed as of the time of the death of the employee, while the right to dependency compensation is fixed by the statute as it stood as of the date of the injury (CL 1929, §§ 8421, 8423).

7. SAME—COSTS—RIGHT TO DEPENDENCY BENEFITS—REMAND FOR RECOMPUTATION.

No costs are allowed where the right to recover dependency compensation is allowed, but due to an incorrect computation thereof, it is necessary to remand to the department of labor and industry for recomputation of dependency benefits (CL 1929, §§ 8421, 8423).

Appeal from Workmen's Compensation Commission. Submitted July 25, 1949. (Docket No. 80, Calendar No. 44,378.) Decided October 10, 1949.

Bay Trust Company, guardian of Owen O. Toureau, mental incompetent, presented its claim for compensation arising out of death of Robert O. Toureau against Dow Chemical Company, employer, and Indemnity Insurance Company, insurer. Award to plaintiff. Defendants appeal. Reversed and remanded for recomputation of award.

*F. Norman Higgs,* for plaintiff.

*Smith & Brooker,* for defendants.

Bushnell, J. The Dow Chemical Company and its insurer, the Indemnity Insurance Company, have brought an appeal in the nature of certiorari from an award of compensation made to the Bay Trust Company, as guardian of Owen O. Toureau, a mentally incompetent son of Robert O. Toureau, deceased.

Decedent received an injury to a toe of the right foot on June 18, 1943, while in the employ of Dow Chemical Company. The injury was promptly reported as noncompensable as he lost no time from his work. Complications later set in and he stopped work on April 15, 1944. The toe was amputated in May of 1944 and due to untoward conditions it became necessary to amputate the right leg on July 7, 1944. Decedent was awarded compensation for total disability from April 15, 1944, to July 7, 1944, and a further award of $21 per week for a total of 200 weeks from July 7, 1944, for the specific loss of a leg. He died on July 8, 1947. Compensation had been paid up to the day preceding his death.

Owen O. Toureau, the mentally incompetent person, is the sole dependent of decedent. The Bay Trust Company, as his guardian, applied for compensation and is hereafter referred to as plaintiff. Plaintiff claimed that the amputation of the right leg contributed to decedent's death. The deputy commissioner found for the plaintiff and entered an award of compensation of $19 per week for a period of 400 weeks, less the amount of compensation paid to decedent during his life. The award was affirmed on review by the full commission. Defendants raise 2 questions on appeal.

Defendants claim that the commission erred in its finding that the injury received on June 18, 1943, caused or contributed to the death of the deceased. The commission in its opinion affirming the award said:

"In our opinion the chronic infection in the amputated stump, which was a contributing factor to the deceased's death, was the result of the same condition which caused the amputation of the deceased's leg, and which was aggravated and accelerated by the injury of June 18, 1943. The record clearly indicates that the deceased's difficulty with his right leg has been a continuous process since his injury. The amputation checked its progress to some extent but did not stop the continuous working of the condition aggravated and accelerated by the injury. We therefore find that the deceased's injury on June 18, 1943, was a contributing factor to his death on July 8, 1947."

We may not substitute our judgment of the facts for that of the department if there is any competent testimony in the record to support the findings of the department. *Neumeier* v. *City of Menominee,* 293 Mich 646; *Ryder* v. *Johnson,* 313 Mich 702; and the cases cited therein.

In the instant case a doctor testified that the deceased came to him about a month prior to his death. That deceased had abscesses on the stump of his right thigh and also on his back and the doctor found him to be suffering from lymphatic leukemia and ordered him hospitalized. The doctor further stated that leukemia is always fatal and was the primary cause of death, as he certified on the death certificate. He had also certified on the death certificate that a contributing cause was "Cellulitis of rt. thigh." On direct examination when asked, "Chronic infection in the stump of the thigh was a contributing factor in the cause of his death?" he replied, "I think that is

a fair statement, yes." All the doctors agreed that the cause of leukemia is unknown. However, another doctor, who attended the decedent at the time of the amputation of the leg, testified that while he agreed that the cause of leukemia is unknown, that among causes to which it is attributed are trauma and chronic infection and that the amputation could have caused the leukemia which resulted in the death. He further testified that the several amputations and the treatments given would lower the resistance, and so far as he knew it could have been the cause of death because infection is something that could shorten anyone's life. He added that deceased also had Buerger's disease.

Defendants claim that the inference that the leukemia was caused by the injury and amputation was based on mere speculation and conjecture from the facts as found by the department of labor and industry. This may be true if the department had so held, but the holding as quoted above was that the chronic infection was traceable from the injury and that it was a contributing factor in the death. We find that there is some direct testimony that there was an infection in the stump of the leg that lowered decedent's resistance and contributed to his death. While the case is a close one we believe that there is testimony in the record to support the finding of the commission that the injury was a contributing cause of death.

The next contention of the defendant is that the award was incorrectly computed. While the injury occurred on June 18, 1943, decedent was not disabled until April 15, 1944, when he stopped work. At the time he was injured section 5 of part 2 of the compensation act (CL 1929, § 8421 [Stat Ann § 17.-155]) provided as follows:

"Sec. 5. If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section 12 hereof, in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to sixty-six and two-thirds per centum of his average weekly wages, but not more than eighteen dollars nor less than seven dollars a week for a period of three hundred weeks from the date of the injury. * * * When weekly payments have been made to an injured employee before his death the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than three hundred weeks from the date of the injury."

This section was amended by PA 1943, No 245, effective July 30, 1943 (CL 1948, § 412.5 [Stat Ann 1947 Cum Supp § 17.155]), which provides as follows:

"Sec. 5. If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section 12 hereof, in 1 of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support as the time of the injury, a weekly payment equal to 66⅔ per centum of his average weekly wages for a period of 400 weeks from the date of the death, the weekly payment not to exceed, however, $19 for one dependent."

The department awarded compensation in accordance with the provisions of the amended statute which became effective *after* the date of the injury but *prior* to the time when decedent stopped work. This would result in total payments of approximately $2,200 more than if the award had been made in accordance with the statute first above quoted. The parties concede that the date of death has no bearing in determining which statute applies. The

dispute arises over the date on which a dependent's right to compensation becomes fixed, as it is agreed that date determines which statute is to be applied. This involves the construction of the statute, which is not entirely clear.

Defendants contend that the law in effect at the time of the injury is controlling. They rely on the case of *Wallin* v. *General Motors Corp.*, 317 Mich 650, where a somewhat similar question arose. We held that where an employee suffered an eye injury before the effective date of the amended statute increasing benefits to dependents but died as a result of the injury after such effective date, the dependents were entitled to compensation in accordance with the law as it stood at the date of the injury. The opinion was largely based on *Thomas* v. *Continental Motors Corp.*, 315 Mich 27, wherein we stated that the right of action for dependency compensation because of death arises at the time of disability, at which time the right to compensation springs into existence. Defendants claim that in the *Thomas Case, supra,* the Court in referring to the date of disability clearly meant the date of injury, and that the Court so held by the express language used in the *Wallin Case, supra,* which followed the opinion in the *Thomas Case, supra.* Plaintiff, on the other hand, calls attention to the fact that in the *Wallin Case, supra,* the date of the injury and the date of the disablement are the same and that the Court seemed to use the dates interchangeably in its references to the *Thomas Case, supra.* Plaintiff claims that the Court correctly used the date of disability in the *Thomas Case.* Plaintiff also relies upon cases involving the statute of limitations, such as *Napolion* v. *National Concrete Metal Forms Corp.*, 279 Mich 668, where we held that the time in which to make a claim does not begin to run until disability appears. However, these latter cases did not involve depend-

ency compensation and in the *Thomas Case, supra,* there was no injury from an accident as the death was from an occupational disease and in such case the Court has consistently treated the date of disability as the date of injury for the purposes of the statute. Defendants also call attention to *Kaiser* v. *Little Bros. Foundry Co.,* 289 Mich 627, where we held (syllabus):

"Upon death of an employee to whom compensation has been paid, compensation is payable to dependents beginning at the date of death and continuing for a period of 300 weeks from the date of injury, hence, where death occurred after expiration of 300-week period, dependents would not be entitled, as such, to compensation."

We believe that in construing the statute we must read other sections of the act referring to death benefits payable to dependents. At the time the injury occurred to decedent the law, as stated in CL 1929, § 8423 (Stat Ann § 17.157), provided in part:

"Sec. 7. Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions."

The only change made in this section by the 1943 amendments, appearing in CL 1948, § 412.7 (Stat Ann 1947 Cum Supp § 17.157), is that the word "accident" was changed to "injury" so that it reads, "shall be determined as of the date of the injury to the employee." The natural inference from this language would be that the right of dependents to compensation arises under the statute as of the date of the injury as that is the date on which dependency is determined. Also, the statute expressly provides that their right to death benefits become fixed at such

time. The Court has, in prior decisions, defined death benefits as those benefits provided by the statute on the death of the employee other than dependency compensation. However, the statute makes no such distinction, but clearly includes dependency compensation in the term death benefits as this section of the statute refers to the sections providing for dependency compensation and not the later sections providing for expenses of last sickness and funeral expenses. It is these latter benefits the Court has defined as "death benefits" and held they become fixed as of the time of death of the employee. Section 12, part 2, of the statute (CL 1929, § 8428 [Stat Ann § 17.162]), defines death benefit as follows:

"If the injury so received by such employee was the proximate cause of his death, and such deceased employee leaves dependents, as hereinbefore specified, wholly or partially dependent on him for support, the *death benefit* shall be a sum sufficient, when added to the indemnity which shall at the time of death have been paid or become payable under the provisions of this act to such deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical and hospital services and medicines furnished as provided in section four hereof, equal to the full amount which such dependents would have been entitled to receive under the provisions of section five hereof, in case the accident had resulted in immediate death, and such benefits shall be payable in weekly instalments in all respects as payments made under the provisions of said section five."

The only changes made in this section by the 1943 amendments are in the wording of the last few lines referring to section 5, and make no changes in the effect of the statute. That part of part 2, section 12

(CL 1948, § 412.12 [Stat Ann 1947 Cum Supp § 17.-162]), now reads:

"In case the injury had resulted in immediate death, and such benefits shall be payable in the same manner as they would be payable under the provisions of section 5 had the injury resulted in immediate death."

Right to compensation is statutory and as the statute fixes the right to dependency compensation as of the date of the injury, the Court correctly held in *Wallin* v. *General Motors Corp., supra,* that the amount of the award is determined by the statute in effect at the time of the injury to the deceased employee.

The award in the instant case was incorrectly computed. The case is remanded to the department of labor and industry for entry of an award in accordance with this opinion. As both parties prevailed in part, no costs will be allowed.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.

BUTZEL, J., did not sit.