CHRYSLER CORPORATION v BRENCAL CONTRACTORS, INC

Docket No. 76957. Submitted February 21, 1985, at Detroit.—Decided November 5, 1985. Leave to appeal applied for.

Plaintiff, Chrysler Corporation, and defendant, Brencal Contractors, Inc., entered into a contract for work to be done by Brencal at Chrysler's Centerline, Michigan plant. The contract contained an indemnity provision. During the course of the performance of the work, Archie Rabon, a jackhammer operator for Brencal, accidently came in contact with electrical lines inbedded in concrete and was injured. Rabon thereafter brought a negligence action against Chrysler. Chrysler admitted negligence and the jury returned a verdict for Rabon against Chrysler for $210,000. Brencal was not a party to that suit. Chrysler then brought an action in the Wayne Circuit Court against Brencal seeking indemnity, alleging that Brencal's negligence was also a proximate cause of Rabon's injuries and that Chrysler was therefore entitled to indemnity under the indemnity provision in their contract. The jury found Brencal negligent, that its negligence was a proximate cause of Rabon's injuries, and that the contract of indemnification covered the joint negligence of the plaintiff and defendant. Following the return of a verdict for the plaintiff, the trial court, James E. Mies, J., granted defendant's motion for a judgment notwithstanding the verdict. The trial court found that a portion of the indemnity agreement was void and that, with the void provision excised from the contract, defendant was not required to indemnify the plaintiff. Plaintiff appeals from the order for judgment notwithstanding the verdict. *Held:*

1. The claim here is for pure contractual indemnity, not implied contractual indemnity or common law indemnity.

2. It is clear from the indemnity provision that the parties

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Indemnity §§ 6-12, 42.
See the annotations in the ALR3d/4th Quick Index under Indemnity.

[2, 3] Am Jur 2d, Indemnity §§ 19-27.

[4] Am Jur 2d, Contracts §§ 21, 22, 240-280.
The parole evidence rule in admissibility of extrinsic evidence to establish and clarify ambiguity in written contract. 40 ALR3d 1384.

intended the broadest possible indemnity protection to plaintiff. The parties intended that plaintiff be indemnified by defendant for plaintiff's own negligence, including plaintiff's negligence which may have been concurrent with that of defendant or any of defendant's subcontractors.

3. To the extent that the indemnity agreement can also be read as indemnifying plaintiff for its sole negligence, the Court of Appeals agrees with the trial court that the agreement, to that extent only, is void and unenforceable pursuant to MCL 691.991.

4. Defendant's negligence was a proximate cause of the injuries and loss in question, as the jury found. Plaintiff's negligence was also a proximate cause. The agreement requires defendant to indemnify plaintiff when defendant's act or omission causes a loss and does not absolve defendant from its indemnity obligation when defendant's injury-causing act or omission happens to be accompanied by negligence from another source, such as plaintiff.

Reversed and remanded for entry of judgment on the verdict.

1. INDEMNITY — PLEADING — EXPRESS CONTRACT OF INDEMNITY.

The indemnitee is not required to plead or prove freedom from causal fault in an action for indemnification based upon an express contract indemnity theory.

2. INDEMNITY — CONTRACTS — JUDICIAL CONSTRUCTION.

An indemnity contract is to be construed in accordance with the rules for the construction of contracts generally; the cardinal rule is to enforce it so as to effectuate the intentions of the parties; intention is determined by considering not only the language of the contract but also the circumstances surrounding the contract, including the situation of the parties; indemnity contracts are construed most strictly against the party who drafts them and against the party who is the indemnitee; the Court of Appeals has rejected an additional rule of construction that indemnification contracts will not be construed to indemnify the indemnitee against losses from his own negligent acts unless such an intent is expressed in unequivocal terms.

3. INDEMNITY — VOID CONTRACTUAL PROVISIONS.

A provision in a contract for indemnification containing a promise by the indemnitor to indemnify the indemnitee for the indemnitee's sole negligence is void and unenforceable (MCL 691.991; MSA 26.1146[1]).

4. Contracts — Judicial Construction — Question of Fact.

  Construction of a contract is ordinarily a question of law for the
  court to decide; however, where the language used is ambiguous or unclear, and therefore not susceptible to interpretation
  as a matter of law, the intent of the parties is to be determined
  by the trier of fact.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *William McCandless*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *James M. Prahler* and *Robert D. Brignall*), for defendant.

Before: Wahls, P.J., and Shepherd and E. A. Quinnell,* JJ.

Per Curiam. Plaintiff, Chrysler Corporation, appeals as of right from an order of the Wayne County Circuit Court granting judgment notwithstanding the verdict to defendant, Brencal Contractors, Inc. We reverse and remand for entry of judgment on the verdict.

In 1975, Chrysler and Brencal entered into a contract for work to be done by Brencal at Chrysler's Centerline plant. The contract between Chrysler and Brencal contained an indemnity provision which reads as follows:

"The Seller [Brencal] shall assume all risk of damage to property or of bodily injury, sickness or disease of persons (including death resulting at any time therefrom) used or employed on or in connection with the work, and of all damage to property or of bodily injury, sickness or disease of persons (including death resulting at any time therefrom) wherever located, resulting from or arising out of any action, omission or operation under the contract or in connection with the work.

"The Seller shall secure, protect, defend, hold harm-

* Circuit judge, sitting on the Court of Appeals by assignment.

less and indemnify the Purchaser [Chrysler] from and against any and all loss, cost, damage, expense, or claims, whether groundless or not, arising out of the bodily injury, sickness or disease (including death resulting at any time therefrom) which may be sustained or claimed by any person or persons, or the damage or destruction of any property, including the loss of use thereof, arising out of or in connection with the performance of any work in connection with the Purchase Order, including any extra work assigned to the Seller in connection therewith, based upon any act or omission, negligent or otherwise, of (a) the Seller or any of its employees, agents or servants, (b) any subcontractor of the Seller or any employees, agents or servants of such a contractor, or (c) any other person or persons, including the Purchaser, or any employees, agents or servants of the Purchaser; and the Seller shall, at its own cost and expense, defend any such claim and any suit, action or proceeding which may be commenced thereunder, and the Seller shall pay any and all judgments which may be recovered in any such suit, action or proceeding, and any and all expense, including, but not limited to, costs, attorneys' fees and settlement expenses which may be incurred therein."

During the course of the performance of the work, Archie Rabon, a jackhammer operator for Brencal, accidentally came in contact with electrical lines imbedded in concrete and was injured. Rabon thereafter brought a negligence action against Chrysler. At that trial Chrysler admitted negligence and the jury returned a verdict for Rabon against Chrysler for some $210,000. Brencal was not a party to that suit.

Thereafter Chrysler filed the instant complaint against Brencal for indemnity, alleging that Brencal's negligence was also a proximate cause of Rabon's injuries and that Chrysler was therefore entitled to indemnity under the above-quoted indemnity agreement. The jury returned a special verdict finding that Brencal was negligent, that

such negligence was a proximate cause of Rabon's injuries, and that Brencal was required to indemnify Chrysler under the indemnity agreement. During trial Brencal had made a motion for a directed verdict, which was taken under advisement by the trial judge. Following the return of the verdict, the court granted Brencal's motion for a judgment notwithstanding the verdict. The trial court found that a portion of the indemnity agreement was void under MCL 691.991; MSA 26.1146(1), which provides as follows:

"A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee or indemnitee, his agents or employees, is against public policy and is void and unenforceable."

The trial court further found that, with the void provision excised from the indemnity agreement, Brencal was not required to indemnify Chrysler.

I

This is a pure contractual indemnity claim, as distinct from an implied contract of indemnity and from common law indemnity, *Skinner v D-M-E Corp*, 124 Mich App 580, 584-585; 335 NW2d 90 (1983), and from other possible theories of indemnity, *Dale v Whiteman*, 388 Mich 698, 704-705; 202 NW2d 797 (1972). Since Chrysler's indemnity theory is one of express contract, Chrysler is not required to plead or prove freedom from causal

fault. Further, since the jury found that Brencal was negligent, we need not decide whether Brencal could be required to indemnify Chrysler if Brencal had not been negligent; *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974); *Peeples v Detroit,* 99 Mich App 285, 296, fn 1; 297 NW2d 839 (1980). Since nothing in the record indicates that the injury was caused by the concurrent negligence of a Brencal subcontractor and of Chrysler, but without negligence on the part of Brencal, we are not called upon to decide whether Chrysler could require indemnity under those circumstances.

## II

There are several well established rules of construction of indemnity contracts. An indemnity contract is construed in accordance with the rules for the construction of contracts generally. The cardinal rule in the construction of indemnity contracts is to enforce them so as to effectuate the intentions of the parties. Intention is determined by considering not only the language of the contract but also the circumstances surrounding the contract,[1] including the situation of the parties. Indemnity contracts are construed most strictly against the party who drafts them and against the party who is the indemnitee. *Pritts v J I Case Co,* 108 Mich App 22, 29; 310 NW2d 261 (1981).

Earlier cases imposed the additional rule of construction that indemnification contracts will not be construed to indemnify the indemnitee against losses from his own negligent acts unless such an intent is expressed in unequivocal terms.

---

[1] As a matter of style, we would like to avoid the classic redundancy, "surrounding circumstances"; to do so we would have to ignore years of judicial use.

*Vanden Bosch v Consumers Power Co,* 56 Mich App 543, 558; 224 NW2d 900 (1974). *Peeples, supra,* and cases cited therein. That rule of construction no longer applies; *Vanden Bosch v Consumers Power Co,* 394 Mich 428; 230 NW2d 271 (1975); *Pritts, supra,* p 28; *Paquin v Harnischfeger Corp,* 113 Mich App 43, 51-52; 317 NW2d 279 (1982); *Harbenski v Upper Peninsula Power Co,* 118 Mich App 440, 454; 325 NW2d 785 (1982).

## III

By way of circumstances of the present contract, it appears that Chrysler was in need of the installing of a pump and a drain and some related work at its plant as part of a pollution spill prevention plan. The contract eventually let was in the amount of $19,780. Brencal is an experienced contractor, but is nowhere near the size of Chrysler; Brencal may employ as many as 250 people at any given time. Previous to this particular contract, Brencal had bid on perhaps as many as 5,000 Chrysler contracts. The indemnity language quoted above is found as paragraph 54 of the standard rider attached to Chrysler's purchase order.

## IV

With that background, and with the indemnity provision before us, it is clear that the parties intended the broadest possible indemnity protection to Chrysler. Reduced to its essence, the indemnity agreement requires Brencal to "hold harmless and indemnify * * * [Chrysler] from and against any and all loss * * * based upon any act or omission * * * of (a) Seller [Brencal] * * * (b) any subcontractor of * * * [Brencal] * * * or (c) any

other person * * * including the Purchaser [Chrysler] * * *'". At one time the use of such inclusive language was regarded as one of the indicia which the law would regard as insufficient to impose liability on an indemnitor to indemnify the indemnitee for the indemnitee's own negligence, but that interpretation of such inclusive language has changed. Compare the opinion signed by the Honorable J. H. GILLIS in *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154, 158; 146 NW2d 111 (1966), with Judge GILLIS's opinion in *Paquin, supra,* p 51. Our interpretation of the inclusive language also finds support in *Pritts, supra,* p 30. See also *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 569; 331 NW2d 456 (1982).

The trial court's analysis proceeded somewhat differently. The trial court first concluded that part (c) of the agreement contained a promise to indemnify Chrysler for its sole negligence; that such a promise is void under MCL 691.991; MSA 26.1146(1); that the offending language had to be excised from the agreement; and, with the offending language deleted, there was no language remaining to indemnify Chrysler against its concurrent acts of negligence, and indeed no promise regarding indemnity for Chrysler's conduct at all, in that there was no "conjunctive language". In other words, the trial corut apparently believed that indemnification was required where (a) Brencal's negligence proximately caused an injury *or* (b) where Brencal's subcontractor's negligence proximately caused an injury *or* (c) where another person's negligence proximately caused an injury, but was not required where two or more of these entities together cause injury. We prefer to determine the intent of the parties from viewing the agreement in its entirety. A contract may provide for indemnification for the indemnitee's own negli-

gence, and presumably for the indemnitee's concurrent negligence, without expressly stating it. Therefore, in viewing the agreement in its entirety, we conclude that the parties intended that Chrysler be indemnified by Brencal for Chrysler's own negligence, including its negligence which may have been concurrent with that of Brencal or any of Brencal's subcontractors.[2] To the extent that the agreement could also be read as indemnifying Chrysler for its sole negligence, we agree with the trial court that the agreement, to that extent only, is void and unenforceable because of the statute.

This conclusion is reinforced by the obligations assumed by Brencal in the first paragraph of the indemnity provision.

The conclusion is also reinforced by the practical result of our interpretation. If Chrysler Corporation were to be held liable upon some theory of vicarious liability, contractual indemnity would not be required; in that situation, Chrysler would have been free from fault and would have been entitled to common law indemnity or perhaps implied contractual indemnity. If Chrysler were totally responsible for any such loss, it would not be entitled to indemnity at all under the plain wording of the statute. Here, Brencal's negligence was *a* proximate cause of the injuries and loss in question, and the jury so found. It so happens that Chrysler's negligence was also a proximate cause. However, clause (a) requires Brencal to indemnify Chrysler when Brencal's act or omission causes a

---

[2] For Judges WAHLS and SHEPHERD, this conclusion reflects a change in their view on this point as expressed in the unpublished per curiam opinion *Keiser v Chrysler Corp*, Docket No. 73633, decided December 20, 1984. Pursuant to Administrative Order No. 1984-2, 418 Mich lxxxii, we have certified that this opinion is in conflict with *Keiser*. The conflict satisfies the standards for publication, MCR 7.215(B)(7).

loss; that clause does not absolve Brencal from its indemnity obligation when Brencal's injury-causing act or omission happens to be accompanied by negligence from another source, such as Chrysler.

## V

Thus far in our analysis we have treated the interpretation of the contract as being a question of law for the court to decide. We and the trial court agree on that approach. If the agreement is thought to be ambiguous or unclear, and therefore not susceptible to interpretation as a matter of law, the intent of the parties is to be determined by the trier of fact. *Zinchook v Turkewycz,* 128 Mich App 513, 521; 340 NW2d 844 (1983); *Peeples, supra,* p 298. In this case the jury was instructed in part as follows:

"[I]n order for Chrysler to recover under the indemnity agreement, you need not find, ladies and gentlemen of the jury, that the contract for indemnity expressly refers to situations of joint negligence by both Chrysler Corporation and Brencal Contractors. If you find that such a situation was contemplated by the parties from your reading of the indemnity agreement and in light of the surrounding circumstances presented to you at trial, Chrysler Corporation may not, however, recover under this agreement if its sole negligence was the proximate cause of the injuries to Archie Rabon."

The jury found Brencal negligent, that its negligence was a proximate cause of Rabon's injuries, and that the contract of indemnification covered the joint negligence of Chrysler and Brencal. Even if we are incorrect in our construction of the contract as an issue of law, the jury reached the same construction as an issue of fact.

Reversed and remanded for entry of judgment on the verdict.