*In re* PAYNE

Docket No. 132854. Submitted March 11, 1992, at Grand Rapids.
Decided April 7, 1992, at 9:45 A.M.

Marcia Payne brought an action for superintending control in the
Muskegon Circuit Court against the City of Muskegon Board of
Civil Service Commissioners, seeking an order reinstating her
employment with the city following a discharge that had been
upheld by the board. The court, Ronald H. Pannucci, J., con-
cluding that the board's decision was not supported by compe-
tent, material, and substantial evidence, issued an order direct-
ing the board to set aside the discharge and determine an
alternative appropriate sanction. The defendant appealed.

The Court of Appeals *held:*

The trial court erred in reviewing the board's findings of fact
to determine whether they were supported by competent, mate-
rial, and substantial evidence. Superintending control tradition-
ally has been used only to determine from the record of an
inferior tribunal whether the tribunal had jurisdiction, whether
it exceeded that jurisdiction, and whether it proceeded accord-
ing to law. The proper standard to apply is whether the board's
findings of fact were supported by any competent evidence on
the record.

On remand, the trial court must review the board's findings
of fact to determine only whether there is any competent
evidence to support them and must avoid substituting its
judgment of the facts for that of the board.

Reversed and remanded.

SUPERINTENDING CONTROL — FINDINGS OF FACT.

Superintending control of a lower tribunal is used only to review
errors of law and to determine if the tribunal, upon the record,
had jurisdiction, whether it exceeded that jurisdiction, and
whether it proceeded according to law; findings of fact by the
tribunal are reviewed to determine only whether there was
competent evidence to support them.

REFERENCES

Am Jur 2d, Appeal and Error §§ 702, 820-847, 898.
See the Index to Annotations under Appeal and Error.

*Pinsky, Smith, Fayette & Hulswit* (by *H. Rhett Pinsky*), for the plaintiff.

*O'Toole, Johnson, Potter, Rolf, Grafton & Eklund* (by *John C. Schrier*), for the defendants.

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendant, the City of Muskegon Board of Civil Service Commissioners, appeals from the circuit court's order of superintending control directing it to set aside plaintiff's discharge and to determine an appropriate sanction less than discharge. Defendant contends inter alia that the circuit court used an improper standard when reviewing the board's decision to affirm plaintiff's firing. We agree.

In exercising superintending control over an inferior tribunal, a reviewing court is invoking an extraordinary power. *In re Huff,* 352 Mich 402; 91 NW2d 613 (1958). An order of superintending control, which is comparable to a writ of certiorari, traditionally has been used only to determine if the inferior tribunal, upon the record made, had jurisdiction, whether it exceeded that jurisdiction, and whether it proceeded according to law. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 681; 194 NW2d 693 (1972).

The process of seeking an order of superintending control is not an appeal. It is an original civil action designed to require the defendant to perform a clear legal duty. *Beer v Fraser Civil Service Comm,* 127 Mich App 239, 242; 338 NW2d 197 (1983). The review in such a case is limited only to questions of law. *In re People v Burton,* 429 Mich 133, 139; 413 NW2d 413 (1987). A reviewing court cannot substitute its judgment of the facts if there is any competent testimony in the record to sup-

port the findings made below. *Bay Trust Co v Dow Chemical Co,* 326 Mich 62, 65; 39 NW2d 244 (1949).

In this case, plaintiff relies on *Viculin v Dep't of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971), and *Farmers State Bank v Dep't of Commerce,* 77 Mich App 313, 323; 258 NW2d 496 (1977), to argue that the decision made by the board must be reviewed to determine whether it was supported by competent, material, and substantial evidence. In our opinion, plaintiff's reliance on *Viculin* and *Farmers State Bank* is misplaced for a number of reasons.

First, we believe that the opinions in *Viculin* and *Farmers State Bank* discussed the proper standard to be applied in reviewing an administrative tribunal decision while on appeal, not the standard applicable to an original action for superintending control. Consequently, plaintiff has offered this Court no authority in support of her position and this issue could be considered abandoned on appeal. See *Cramer v Metropolitan Savings Ass'n,* 136 Mich App 387; 357 NW2d 51 (1984).

Second, appeals to this Court often pose the question whether there was competent, material, and substantial evidence on the whole record to support the underlying administrative decision. If we accepted plaintiff's argument that this same question can be posed here, the extraordinary remedy of superintending control would substitute for an appeal in a dispute where an appeal on the merits is not available. See *Robertson v Detroit,* 131 Mich App 594; 345 NW2d 695 (1983).

Finally, use of the standard advocated by plaintiff would slowly enlarge a review that has traditionally been limited to questions of law and would encourage a substitution of the facts by the re-

viewing court when there is competent evidence to support the findings made by the administrative tribunal.

For all these reasons, we are convinced that the circuit court erred in reviewing the board's findings of fact to determine whether they were supported by competent, material, and substantial evidence. On remand, the circuit court is directed to review the board's decision and determine only whether there is any competent evidence to support the findings made below. If there is any competent evidence on the record that the plaintiff, after a warning, failed to perform her work completely, the circuit court should guard against substituting its judgment of the facts for that which was made by the board.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.