## *In re* LOOSE

Docket No. 142855. Submitted April 6, 1993, at Detroit. Decided September 7, 1993, at 9:30 A.M. Leave to appeal sought.

Antoinette P. Loose filed a complaint for superintending control in the Wayne Circuit Court to compel the Wayne County Civil Service Commission to set aside its determination that, by her failure to give adequate notice of the reason for her absence from work, she was contractually deemed to have resigned from her employment with the county. The court, Paul S. Teranes, J., reversed the decision of the commission, holding that a letter sent by the office of Loose's doctor that she should remain in bed until her next scheduled doctor's appointment satisfied the notice requirement of the collective bargaining agreement covering her employment and that the commission erred as a matter of law in construing the notice provision. The defendants appealed.

The Court of Appeals *held:*

Although the construction of unambiguous and unequivocal contracts is a question of law, the commission properly found that the notice requirement in the collective bargaining agreement was ambiguous and proceeded to ascertain the intent of the contracting parties. The commission's findings that the notice requirement requires "sufficient notice" and that the letter the doctor's office sent did not satisfy that requirement in view of the fact that the county had informed Loose that a doctor's letter would not be sufficient were supported by competent evidence in the record. Because the commission did not fail to perform a clear legal duty, the trial court erred in setting aside the order of the commission.

Order of the circuit court reversed and order of the commission reinstated.

CONTRACTS — INTERPRETATION OF CONTRACTS.

Construction of unambiguous and unequivocal contracts is a question of law; however, contractual language that, standing

REFERENCES
Am Jur 2d, Contracts §§ 359, 361.
See ALR Index under Contracts.

alone, is not inherently ambiguous may become susceptible to interpretation when examined in connection with the past practices of the parties.

*Schier, Deneweth & Parfitt, P.C.* (by *Carl F. Schier*), for Antoinette P. Loose.

*Saul A. Green,* Wayne County Corporation Counsel, and *Ellen E. Mason,* Assistant Corporation Counsel, for Wayne County and Wayne County Civil Service Commission.

Before: MARILYN KELLY, P.J., and SHEPHERD and CONNOR, JJ.

MARILYN KELLY, P.J. This case concerns the conditions under which a circuit court may issue an order of superintending control. Respondents appeal from an order of the Wayne Circuit Court reversing a decision of the Wayne County Civil Service Commission. Respondents argue that the court erred in reversing the commission's decision. We agree and reverse the circuit court.

Petitioner began working for respondent Wayne County as a clerical worker in April, 1973. In January, 1982, she filed a workers' compensation claim. Petitioner began approved medical leave in June, 1982. The county instructed her to return to work on September 7, 1982, after receiving written confirmation from petitioner's two treating physicians that she was fit to return.

Petitioner did return on September 7, 1982, but failed to report two days later. She had an appointment with her physician, Dr. Warren Hardy, on September 9, 1982. The county received a letter from Dr. Hardy indicating that he had been unable to see petitioner on that date. Dr. Hardy ordered petitioner to remain at home and rest until her next scheduled appointment on Septem-

ber 15, 1982. The county sent a written response to Dr. Hardy's letter to petitioner. It advised her that the excused absence by Dr. Hardy was unacceptable and instructed petitioner to report to work. If she failed, she would be shown as absent without leave and treated accordingly.

The county next received a second letter, this one from Dr. Hardy's secretary on September 20, 1982. She explained that Dr. Hardy had been unable to see petitioner on September 15, 1982, due to his own illness. However, petitioner was to remain in bed until her next scheduled appointment. Petitioner never returned to work.

In October, 1984, petitioner's workers' compensation claim was decided adversely to her based on her failure to prove a work-related disability. The county then informed petitioner that "any and all claims of employment are terminated." Petitioner requested a hearing on her discharge before respondent Wayne County Civil Service Commission. During the hearing, the county argued that, under the terms of the collective bargaining agreement, petitioner had automatically resigned her position as of September 22, 1982. Petitioner objected, stating that this was the first time she had been informed that she had "automatically resigned."

The collective bargaining agreement provided:

> Any employee who is absent without leave for five (5) or more consecutive work days without notification to the EMPLOYER as to the reason for said absence, shall be deemed to have resigned from the employ of the EMPLOYER and shall forfeit all seniority rights.

The commission upheld petitioner's termination. She then filed a complaint for superintending control with the Wayne Circuit Court. The court

remanded to the commission for rehearing, holding petitioner had not received adequate notice of the reason for termination. On remand, the commission again upheld petitioner's termination. It indicated that it had terminated petitioner's employment, because it had not received sufficient notification satisfying the reason for petitioner's absence from work.

Petitioner filed another complaint for superintending control. She argued that, since the county had been notified of her absence, the commission had a clear legal duty to order her reinstated to her former position with back pay. The circuit court reversed the commission's order, ruling that the commission had made an error of law in interpreting the collective bargaining agreement. The court concluded that the letter received by the county on September 20, 1982, was sufficient to meet the notice requirement set forth in the collective bargaining agreement.

I

Respondents argue that the trial court erred in overruling the decision of the commission. They point out that the Legislature has provided no mechanism for direct appeals from decisions of general municipal civil service commissions. *Fort v Detroit,* 146 Mich App 499, 502-503; 381 NW2d 754 (1985). Therefore, the proper avenue of review is by way of an action for superintending control. *Id.,* 503-504; MCL 600.615; MSA 27A.615. In this case, petitioner properly filed an independent action in circuit court seeking superintending control. However, the question remains whether the trial court exceeded its authority in granting it and reversing the commission's decision.

In exercising superintending control over an inferior tribunal, a reviewing court is invoking an

extraordinary power. *In re Payne,* 193 Mich App 620, 621; 484 NW2d 759 (1992), lv gtd 442 Mich 923 (1993), citing *In re Huff,* 352 Mich 402; 91 NW2d 613 (1958). The standard for issuing superintending control is to determine whether the inferior tribunal failed to perform a clear legal duty. *Frederick v Presque Isle Judge,* 439 Mich 1, 15; 476 NW2d 142 (1991). Superintending control is also proper where the court committed an error of law. *In re LaFayette Towers,* 200 Mich App 269, 272; 503 NW2d 740 (1993), citing *Wayne Co Prosecutor v Recorder's Court Judge (On Remand),* 167 Mich App 282, 284; 421 NW2d 665 (1988).

An order of superintending control has traditionally been used only to determine: (1) if the inferior tribunal has jurisdiction; (2) whether the inferior tribunal exceeded that jurisdiction; and (3) whether the inferior court proceeded according to law. *In re People v Burton,* 429 Mich 133, 139; 413 NW2d 413 (1987) (citing *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 681; 194 NW2d 693 [1972]); *Payne,* 621.

> The process of seeking an order of superintending control is not an appeal. It is an original civil action designed to require the defendant to perform a clear legal duty. *Beer v Fraser Civil Service Comm,* 127 Mich App 239, 242; 338 NW2d 197 (1983). The review in such a case is limited only to questions of law. *In re People v Burton,* 429 Mich 133, 139; 413 NW2d 413 (1987). A reviewing court cannot substitute its judgment of the facts if there is any competent testimony in the record to support the findings made below. *Bay Trust Co v Dow Chemical Co,* 326 Mich 62, 65; 39 NW2d 244 (1949). [*Payne,* 621-622.]

## II

In this case, there is no question that the com-

mission had jurisdiction to hear petitioner's grievances. The commission has jurisdiction to "fully hear and determine" employment disputes. See MCL 38.416; MSA 5.1191(16). Moreover, the commission did not exceed its jurisdiction by interpreting the collective bargaining agreement. The only relevant question is whether the commission proceeded according to law.

The collective bargaining agreement provides that automatic resignation occurs when an employee is absent for five or more consecutive days without notifying the county of the reason for the absence. The commission found that the county never received sufficient notice of the reason for petitioner's absence. The trial court found that the commission made a clear error of law when it interpreted the collective bargaining agreement. The court believed it had a clear legal duty to correct the error.

We disagree with the trial court that the commission made a clear error of law. We recognize that construction of unambiguous and unequivocal contracts is a question of law. See *Mt Carmel Mercy Hosp v Allstate Ins Co,* 194 Mich App 580; 487 NW2d 849 (1992); *Chrysler Corp v Brencal Contractors, Inc,* 146 Mich App 766, 775; 381 NW2d 814 (1985). However, contractual language which, standing alone, is not inherently ambiguous may become susceptible to interpretation when examined in connection with the parties' past practices. *Mid-Michigan Education Ass'n v St Charles Community Schools,* 150 Mich App 763, 770; 389 NW2d 482 (1986). The collective bargaining agreement here, to the extent it required notice of the reason for absence from work, is susceptible to interpretation, given the parties' past practices.

The commission in this case refused to find that

the agreement was clear and unambiguous. Instead, it found ambiguity and looked outside the express language of the contract to ascertain the parties' intent. The primary rule in construing a contract is to ascertain the intent of the parties. *Kassin v Arc-Mation, Inc,* 94 Mich App 520, 524-525; 288 NW2d 413 (1979). The commission concluded that the notice the county was entitled to receive was "sufficient notice" of the reasons for petitioner's absence.

Dr. Hardy had declared petitioner fit·to return to work following an August 24, 1982, examination. Petitioner did return on September 7, 1982, but· failed to report after September 9, 1982. The county advised petitioner that it would not accept her doctor's excuse for her failure to report to work. Therefore, petitioner was aware that other notice was required in order for her notice to be "sufficient."

We agree with the commission that the notice language of the collective bargaining agreement needs interpretation. Under the agreement's terms, the notice that must be given to justify an absence from work must be "sufficient notice." The commission's interpretation of the collective bargaining agreement is reasonable. The trial court's interpretation is unreasonable. It would mean that even an excuse the employee knows to be unacceptable could prevent enforcement of the agreement's automatic resignation provision. We strive to avoid unnatural or unreasonable contract construction, if the language would also bear a fair and reasonable construction. *Ypsilanti v Appalachian Ins Co,* 547 F Supp 823, 826 (ED Mich, 1982), aff'd 725 F2d 682 (CA 6, 1983), citing *B Siegel Co v Wayne Circuit Judge,* 183 Mich 145, 153; 149 NW 1015 (1914).

In ruling that petitioner was absent without leave, the commission found:

> [T]he Appointing Authority supported its position. The Commission determined that the September 14, 1982 note from Dr. Hardy's office (received September 20, 1982) is insufficient evidence for not reporting to work from September 20, 1982, until her admission to the hospital on October 28, 1982. The collective bargaining agreement provides that automatic resignation shall occur when an employee is absent for five or more consecutive work days without notification to the Employer as to the reason for said absence. The August 24, 1982 examination by her doctor established that she was fit to work. The Employer never received sufficient notification after that satisfying the reason for her absence. Since there was no communication from Ms. Loose, the Commission determined that the Appointing Authority proceeded correctly in determining that Ms. Loose was absent without leave. The commission does not find that the determination of the Appointing authority was arbitrary or unreasonable, nor based upon political, religious or racial prejudice.

We conclude that the trial court erred in issuing an order of superintending control reversing the commission's interpretation of the collective bargaining agreement and its findings of fact. There was competent testimony in the record supporting the commission's findings. See *Payne,* 621-622. The commission did not fail to perform a clear legal duty. *Id.* Moreover, the commission did not exceed its jurisdiction; it proceeded according to law.

Reversed. The commission's order affirming the action of the appointing authority is reinstated.