GRETEL v WORKER'S COMPENSATION APPELLATE COMMISSION
(ON REMAND)

Docket No. 182754. Submitted May 15, 1996, at Grand Rapids. Decided July 23, 1996, at 9:15 A.M.

Michael Gretel brought an action in the Court of Appeals for superintending control against the Worker's Compensation Appellate Commission, alleging that the WCAC lacked authority to vacate a decision by a worker's compensation magistrate who had made an open award of benefits to the plaintiff for a work-related injury sustained while employed by Wilson Welding Supply, Inc., and lacked authority to order that a different magistrate issue a new decision. The Court of Appeals in an unpublished order, entered June 22, 1994 (Docket No. 174536), dismissed the complaint. The plaintiff sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for a full hearing of the complaint for superintending control. 448 Mich 860 (1995).

On remand, the Court of Appeals held:

1. The WCAC has the authority to review the orders and decisions of worker's compensation magistrates. MCL 418.274(7); MSA 17.237(274)(7). The WCAC is charged with conducting a qualitative and quantitative analysis of the evidence and ensuring a full, thorough, and fair review thereof. MCL 418.861a(13); MSA 17.237(861a)(13). If the WCAC determines that a magistrate's decision was not supported by competent, material, and substantial evidence on the record, it can reverse the decision and issue its own opinion. MCL 418.861a(3); MSA 17.237(861a)(3). If the WCAC concludes that it does not have enough information to properly review the magistrate's decision, it may remand for completion of the record. MCL 418.861a(12); MSA 17.237(861a)(12). These powers enable the WCAC to fully discharge its duties. No additional authority, including the authority to vacate a magistrate's decision and remand for a decision by another magistrate, need be implied.

2. Pursuant to *McAvoy v H B Sherman Co*, 401 Mich 419 (1977), the payment of seventy percent of the plaintiff's awarded benefits, as required by MCL 418.862(1); MSA 17.287(862)(1) until final

determination of the appeal and which was terminated following the WCAC's decision, must resume.

Superintending control granted; order of the WCAC reversed; case remanded to the WCAC.

WORKER'S COMPENSATION — WORKER'S COMPENSATION APPELLATE COMMISSION.

The Worker's Compensation Appellate Commission lacks express or implied authority to vacate a decision of a worker's compensation magistrate and order that a different magistrate issue a new decision regarding a claim for worker's compensation benefits.

*Levine, Benjamin, Tushman, Bratt, Jerris and Stein, P.C.* (by *Charles P. Burbach*), for Michael Gretel.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Joseph M. Binno, Ray W. Cardew, Jr.,* and *Rose A. Houk,* Assistant Attorneys General, for the Worker's Compensation Appellate Commission.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Wilson Welding Supply, Inc., and Citizens Insurance Company of America.

ON REMAND

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

PER CURIAM. On September 12, 1990, plaintiff requested a hearing in the Bureau of Worker's Disability Compensation, seeking disability benefits for a back injury allegedly sustained while working for defendant Wilson Welding Supply, Inc. Following the hearing, Magistrate Joseph L. Chylinski opined that plaintiff had proved the occurrence of a compensable injury. Wilson Welding appealed to the Worker's Compensation Appellate Commission (WCAC), which found that the magistrate's opinion was "virtually silent as

to the reasoning supporting its finding of disability."
The WCAC vacated the magistrate's decision in its
entirety, and remanded the matter to the Board of
Magistrates so that a different magistrate could pre-
pare a new decision. Plaintiff then filed in the Court
of Appeals a complaint for superintending control,
which the Court of Appeals dismissed on June 22,
1994 (Docket No. 174536). The Michigan Supreme
Court then remanded the case to this Court for a full
hearing, pursuant to MCR 7.206(D)(3). *Gretel v
Worker's Compensation Appellate Comm*, 448 Mich
860 (1995).

In his complaint for superintending control, plain-
tiff contends that the WCAC was without authority to
issue an order vacating the decision of the magistrate
and that the WCAC lacked the power to remand to the
Board of Magistrates for a new hearing before a new
magistrate. We agree, grant superintending control,
and reverse the WCAC's order.

In finding that plaintiff had sufficiently demon-
strated the occurrence of a compensable injury, Mag-
istrate Chylinski relied on testimony by plaintiff's
treating physicians. The magistrate's opinion stated:

> The testimony of the treating and examining physicians
> evidenced essentially negative objective findings with the
> exception of muscle spasms found by plaintiff's treating
> physicians. Dr. Marrella testified that plaintiff's complaints
> were generally "very non-specific" and did not follow any
> dermatome pattern. He felt, however, that the muscle
> spasms were a sufficient basis upon which to continue
> treatment. He also testified that during the course of treat-
> ment on August 13, 1990, plaintiff was given a muscle relax-
> ant which could well have accounted for Dr. Brown's failure
> to find any spasms during his examination of August 14,
> 1990.

On appeal, the WCAC found that "the magistrate's recitation of plaintiff's treating physician's opinion that continuing treatment is needed is insufficient to support a finding of disability." The WCAC further found the magistrate's decision "insufficient for purposes of review." The WCAC issued an order vacating the magistrate's decision and remanding the case "to the Chief Magistrate for assignment to a new magistrate for preparation of a new decision." We find that the WCAC did not have the authority to vacate the magistrate's decision, nor did it have the power to remand for a new determination. Accordingly, we grant plaintiff's writ for superintending control and reverse the order of the WCAC.

The WCAC "is an independent body with the power and authority to review the orders of the director and hearing referees and the orders and opinions of the worker's compensation magistrates as provided for under this act." MCL 418.274(7); MSA 17.237(274)(7). Although there is no express statutory authority allowing the WCAC to vacate a magistrate's decision or to order that a new decision be prepared by a new magistrate, the WCAC contends that it had the implied authority to vacate the magistrate's decision. We do not agree.

Administrative bodies such as the WCAC are inherently limited in their powers by the express language of the statute. *Traverse Oil Co v Chairman, Natural Resources Comm*, 153 Mich App 679, 686; 396 NW2d 498 (1986). However, administrative authority can also extend beyond that expressly granted to that which is necessarily implied. *Id.* In this case, the power to remand a case to a new magistrate for a new determination is not inherent in the statutory

mandates to the WCAC, nor is the power necessarily implied. The WCAC is charged with conducting a "qualitative and quantitative analysis of the evidence and ensur[ing] a full, thorough, and fair review thereof." MCL 418.861a(13); MSA 17.237(861a)(13). In cases where a magistrate's findings are not supported by competent, material, and substantial evidence on the whole record, the WCAC has been given the express power to reverse the magistrate's decision and to substitute its own opinion and order. MCL 418.861a(3); MSA 17.237(861a)(3); *Holden v Ford Motor Co*, 439 Mich 257, 267-268; 484 NW2d 227 (1992). In addition, MCL 418.861a(12); MSA 17.237(861a)(12) grants the WCAC the express authority to remand to the magistrate "for purposes of supplying a complete record if it is determined that the record is insufficient for purposes of review." Thus, if the WCAC feels a magistrate's decision was not supported by competent, material, and substantial evidence on the record, it can reverse the decision and issue its own opinion. If the WCAC does not believe it has enough information to properly review the magistrate's decision, it may remand for completion of the record. These powers enable the WCAC to fully discharge its duties under the statute; thus, there is no need for the WCAC to have the power to vacate and remand for a new determination. Because the WCAC has been given sufficient authority to fully carry out its duties, no further powers should be implied. *Traverse Oil, supra.*

The current system for appeals of decisions of a magistrate was designed to give very limited power to the WCAC, and the decisions of the magistrates are to be final in most cases. *Civil Service Comm v Dep't of Labor*, 424 Mich 571, 621; 384 NW2d 728 (1986).

Defendants contend that, if the WCAC does not have the power to remand, the commission will be "forced to become the factfinder of first resort" in cases in which the factfinding of the magistrate was insufficient. We disagree. As set forth above, MCL 418.861a(12); MSA 17.237(861a)(12) grants the WCAC the express authority to remand to the magistrate for a completion of the record. The statute also states that the order and opinion of a worker's compensation magistrate "shall be part of the record of the hearing." MCL 418.847(2); MSA 17.237(847)(2). Thus, the WCAC is permitted to remand a case for *completion* of a magistrate's opinion and order, including a more thorough recitation of the findings of fact. However, the WCAC has not been given express or implied authority to *vacate* an order of a magistrate, nor does the WCAC have the power to order that a *new* hearing be conducted before a *new* magistrate.

Because the WCAC exceeded its authority, the proper remedy is to grant plaintiff's writ for superintending control. *In re Loose*, 201 Mich App 361, 365; 505 NW2d 922 (1993). Accordingly, we reverse the WCAC's order that vacated the magistrate's decision and ordered a new hearing, and we remand the case to the WCAC. Upon remand, the WCAC is to conduct a review of the magistrate's decision to determine whether it was supported by competent, material, and substantial evidence on the entire record. If the WCAC determines that the record is insufficient to properly review the magistrate's decision, the WCAC may remand to the magistrate for the purpose of completing the record.

Pursuant to MCL 418.862(1); MSA 17.237(862)(1), plaintiff was to be paid seventy percent of his award

of benefits "until final determination of the appeal." However, the Supreme Court has stated, "If the hearing referee's award . . . is vacated at any appellate stage, the seventy percent benefits are terminated." *McAvoy v H B Sherman Co*, 401 Mich 419, 444; 258 NW2d 414 (1977). Thus, pursuant to *McAvoy*, payments to plaintiff were terminated following the WCAC order vacating the magistrate's award. The *McAvoy* Court further stated that "if a hearing referee's award which was vacated or modified at a lower appellate level is reinstated at a higher appellate level, the 70% benefits resume." *Id.* at 445. Accordingly, we order that payment of plaintiff's seventy percent benefits be reinstated. Plaintiff, however, is not entitled to be paid the seventy percent benefits that were not paid during the period between appeals. *Id.* at 445, n 6. According to *McAvoy*, such "back" benefits "can always be obtained by a successful claimant once the appellate process is completed and all accrued benefits are paid." *Id.*

Superintending control granted. The order of the WCAC is reversed and the matter is remanded to the WCAC. Payment of seventy percent of plaintiffs benefits is to be resumed. We do not retain jurisdiction.