KESTER v SECRETARY OF STATE

Docket No. 81925. Submitted December 11, 1985, at Detroit. Decided June 3, 1986.

Jeanne A. Kester's driver's license was suspended by the Secretary of State from August 19, 1982, through November 19, 1982, after she refused to submit to a chemical test to determine her blood-alcohol level following her arrest for drunk driving. Kester was arrested for drunk driving on April 30, 1984, and again refused to submit to a chemical test. After conducting a hearing, a hearing officer for the Secretary of State suspended Kester's driver's license for one year. Kester filed a petition in the Oakland Circuit Court seeking the full restoration of her driver's license. The court, David F. Breck, J., granted Kester a restricted license, allowing her to drive to seek employment two days a week and, after Kester obtained employment, to drive to and from work. The Secretary of State appealed. *Held:*

1. Circuit court review of a hearing officer's decision in a case such as this one is limited to a determination of whether the hearing officer's decision was supported by competent, material, and substantial evidence on the whole record and was not contrary to law; factors which the hearing officer should consider include whether: (1) the officer had reasonable grounds to believe the driver committed a violation of the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor, (2) the driver was arrested for the offense, (3) the driver unreasonably refused to submit to the test upon the officer's request, and (4) the driver was advised of his rights concerning the chemical test.

2. A circuit court in an appeal from a hearing officer's decision to suspend a driver's license for refusing a chemical test may grant the driver a restricted license. However, in this case, the circuit court erred in granting Kester a restricted

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 122-123, 296-311, 375-380.

Admissibility in criminal case of evidence that accused refused to take test of intoxication. 26 ALR4th 1112.

license, since a restricted license is not available to a driver whose license has been suspended by the Secretary of State twice within seven years for refusing to submit to a chemical test for blood-alcohol level following a drunk-driving arrest.

3. In this case, the hearing officer's decision was supported by competent, material, and substantial evidence on the whole record and was not contrary to law.

Reversed and remanded for reinstatement of the hearing officer's decision.

1. AUTOMOBILES — INTOXICATING LIQUORS — EVIDENCE — BLOOD ALCOHOL TESTS — IMPLIED CONSENT — STATUTES.

Any driver arrested for violating the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor or controlled substances gives implied consent to undergo a chemical test to determine the amount of alcohol or controlled substances in his blood (MCL 257.625c; MSA 9.2325[3]).

2. AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD ALCOHOL TESTS — STATUTES.

A driver who refuses to submit to a chemical test to determine his blood-alcohol level following his arrest for operating a motor vehicle while under the influence of intoxicating liquor may request a hearing before the Secretary of State, which is limited to a determination of: (1) whether the arresting officer had reasonable grounds to believe the driver committed an offense specified by the statute; (2) whether the driver was arrested for the crime; (3) whether the driver unreasonably refused to submit to the test; and (4) whether the driver was advised of his rights concerning the chemical test; after such hearing, the Secretary of State may suspend the driver's license for six months or, in the case of a second chemical test refusal within seven years, for one year (MCL 257.625c[1], 257.625f[2] and [4]; MSA 9.2325[3][1], 9.2325[6][2] and [4]).

3. APPEAL — AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD ALCOHOL TESTS — STATUTES.

Circuit court review of a Secretary of State hearing officer's decision in a driver's license suspension or revocation hearing for a driver's refusal to submit to a chemical test to determine the amount of alcohol in his blood following his arrest for a violation of the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor is limited to whether the hearing officer's findings were supported by substantial, material, and competent evidence on the whole

record and were not contrary to law (Const 1963, art 6, § 28; MCL 24.306, 257.323[3] and [4], 257.625f[4]; MSA 3.560[206], 9.2023[3] and [4], 9.2023[3] and [4]).

4. APPEAL — AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD ALCOHOL TESTS — STATUTES.

A circuit court may not grant a restricted license to a driver whose license has been suspended twice within seven years by the Secretary of State for the driver's refusal to submit to a chemical test to determine the amount of alcohol in his blood following arrests for violations of the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor (MCL 257.323c[2]; MSA 9.2023[3][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *James P. Delaney,* Assistant Attorney General, for respondent.

Before: DANHOF, C.J., and J. H. GILLIS and M. WARSHAWSKY,* JJ.

PER CURIAM. Respondent appeals from an order of the circuit court granting petitioner a restricted license. We reverse and reinstate the decision of the hearing officer.

Petitioner's driver's license was apparently suspended from August 19, 1982, through November 19, 1982, after petitioner refused to submit to a chemical test on July 11, 1982.

On April 30, 1984, Officer David Gibbard of the Clawson Police Department investigated an accident. He was told by a witness that petitioner's car hit a parked car and swerved down the road for two hundred feet before stopping. Petitioner was sitting in her badly damaged Mercury, which was stopped in the middle of the road. She told Officer Gibbard that her finger was injured, but declined medical treatment. Petitioner later claimed that Officer Gibbard caused the injury, after which she

* Circuit judge, sitting on the Court of Appeals by assignment.

remembered nothing. She refused to show Officer Gibbard her car's certificate of registration and her driver's license. Officer Gibbard smelled a strong odor of alcohol emanating from the car and petitioner. When petitioner refused to leave the car, Officer Gibbard removed her. Handcuffing was necessary, because petitioner was waving her arms and screaming.

Officer Gibbard arrested petitioner for operating a motor vehicle while under the influence of intoxicating liquor (OUIL) and took her to the police station. While there, she was read her rights pertaining to taking a chemical test and was asked to take the test a number of times. Petitioner continuously screamed, acted incoherent, and responded to the requests with obscenities. Pursuant to MCL 257.625d; MSA 9.2325(4), Officer Gibbard summitted a sworn statement to respondent indicating that petitioner refused to take a chemical test upon request.

A hearing followed, at which both Officer Gibbard and petitioner testified. The hearing officer made the following findings of fact:

> Number one, I find that the law enforcement officer involved in this case did have reasonable grounds to believe that petitioner here had been operating a motor vehicle upon the highways of this state while under the influence of intoxicating liquor in that he did observe her vehicle at the scene of an accident. He made a reasonable determination based on all the facts presented to him. The petitioner had been driving her vehicle at the time of the accident. He observed her in the vehicle. The ignition was on. There was damage to her vehicle and a witness did put her behind the wheel at the time of the accident.
>
> He further observed about her that she had the strong odor of intoxicants on her person and that

she struggled considerably upon being told that she was being placed under arrest.

Second, I find the petitioner was arrested for operating under the influence of intoxicating liquor.

Third, I find that she was advised of her rights under the Implied Consent Law. I find that she refused to take the test. I don't find the injury to her finger to be the type that would allow her to escape her responsibilities under the Implied Consent Law, and certainly any effects that the drinking that she did which she admits here—that she had done some drinking prior to this accident— any effects that that may have had on her mind combined with the injured finger, well voluntary intoxication is abolutely [sic] no defense to the Implied Consent Law.

So I find her refusal here to be not reasonable and the appeal of Jean Kester is denied.

The hearing officer suspended petitioner's license for one year pursuant to MCL 257.625f(4); MSA 9.2325(6)(4).

Petitioner began this action in circuit court seeking full restoration of her driver's license. During the hearing in circuit court, petitioner requested a restricted license. Over respondent's objections, the circuit court issued a restricted license to petitioner, allowing her to drive to seek employment two days a week and, after petitioner obtained employment, to travel to and from work.

Respondent subsequently objected to petitioner's proposed order, which stated that the hearing officer's suspension of petitioner's license was improper. Respondent argued that the circuit court had not expressly ruled on the merits of the hearing officer's determination, but granted petitioner a restricted license based solely upon hardship. At a subsequent hearing, the circuit court

ruled that petitioner's proposed order comported with its earlier ruling and entered it.

Anyone arrested for violating the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor or controlled substances gives implied consent to undergo a chemical test to determine the amount of alcohol or controlled substance in his or her blood. MCL 257.625c; MSA 9.2325(3). A person who refuses to submit to a chemical test may request a hearing, which is limited to a determination of the following issues: (1) whether the officer had reasonable grounds to believe the driver committed a crime specified in MCL 257.625c(1); MSA 9.2325(3)(1); (2) whether the person was arrested for the crime; (3) whether the driver unreasonably refused to submit to the test upon the officer's request; and (4) whether the driver was advised of his or her rights concerning the chemical test. After the hearing, the Secretary of State may suspend the driver's license for six months or, for a second refusal within seven years, for one year. MCL 257.625f(2), (4); MSA 9.2325(6)(2), (4).

Circuit court review of the hearing officer's determination is provided for, but is limited to whether the hearing officer correctly determined the above four issues or whether a restricted license should be provided. MCL 257.323; MSA 9.2023. A restricted license, however, is prohibited when the petitioner's license has been suspended twice within seven years. MCL 257.323c(2); MSA 9.2023(3)(2). As such was the case here, the circuit court improperly granted petitioner a restricted license and we must reverse.

The petitioner apparently sought review of the hearing officer's determination. From the confused record below, it is possible that the circuit court was reviewing the record to determine whether

the hearing officer properly determined the issues enumerated in MCL 257.625f(2); MSA 9.2325(6)(2). As granting a restricted license was not possible, however, the circuit court could only set aside the suspension, or modify it in some other unspecified fashion, if the court disagreed with the hearing officer.

Moreover, although circuit court de novo review was formerly authorized by MCL 257.625f(3) and 257.323; MSA 9.2325(6)(3) and 9.2023, we believe MCL 257.625f(4) and 257.323(3), (4); MSA 9.2325(6)(4) and 9.2023(3), (4), as currently written, limit circuit court review in license suspension cases involving refusal to take a chemical test to whether the hearing officer's findings were supported by substantial, material, and competent evidence on the whole record and were not contrary to law, the standard of review provided by Const 1963, art 6, § 28 and MCL 24.306; MSA 3.560(206). While we might not have reached the same result had we been in the hearing officer's position, our review of the record indicates that the hearing officer's decision was supported by competent, material, and substantial evidence on the whole record and was not contrary to law.

Accordingly, we reverse the circuit court's order and remand for reinstatement of the hearing officer's decision.