McMILLAN v SECRETARY OF STATE

Docket No. 88571. Submitted July 10, 1986, at Lansing. Decided
    October 8, 1986.

Petitioner, D. J. McMillan, was arrested for driving while under
    the influence of intoxicants. He refused to submit to a blood
    alcohol test. This was the second time he had refused the test
    within seven years. He was informed that his refusal to submit
    to a chemical test on the date of that accident would result in a
    suspension unless he requested a hearing within fourteen days.
    He requested a hearing, but failed to appear. His license was
    thereafter suspended for one year by respondent, Secretary of
    State. He petitioned the Ionia Circuit Court for a restricted
    license, and the court, Charles W. Simon, Jr., J., granted
    petitioner a restricted license. Respondent appealed.

The Court of Appeals *held:*

The court erred in ordering a restricted license.

1. The circuit court has no equity power to review outside of
that granted by the statute.

2. Circuit court review is limited to review of the record of
the hearing.

3. No record was or should have been made since petitioner
did not appear at the hearing. His failure to appear precluded
judicial review.

Reversed and remanded.

1. AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD ALCOHOL
    TESTS.

A driver who refuses to submit to a chemical test to determine
    his blood-alcohol level following his arrest for operating a
    motor vehicle while under the influence of intoxicating liquor
    may request a hearing before the Secretary of State, which is
    limited to a determination of: (1) whether the arresting officer

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 122-126, 128, 144.

Sufficiency of notice and hearing before revocation or suspension of
    motor vehicle driver's license. 60 ALR3d 427.

Suspension or revocation of driver's license for refusal to take
    sobriety test. 88 ALR2d 1064.

had reasonable grounds to believe the driver committed an offense specified by the statute; (2) whether the driver was arrested for the crime; (3) whether the driver unreasonably refused to submit to the test; and (4) whether the driver was advised of his rights concerning the chemical test; after such hearing, the Secretary of State may suspend the driver's license for six months or, in the case of a second chemical test refusal within seven years, for one year (MCL 257.625c[1], 257.625f[2] and [4]; MSA 9.2325[3][1], 9.2325[6][2] and [4]).

2. APPEAL — AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD ALCOHOL TESTS — RESTRICTED LICENSES.

A circuit court may not grant a restricted license to a driver whose license has been suspended twice within seven years by the Secretary of State for the driver's refusal to submit to a chemical test to determine the amount of alcohol in his blood following arrests for violations of the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor (MCL 257.323c[2]; MSA 9.2023[3][2]).

3. APPEAL — AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD ALCOHOL TESTS.

No record of proceedings need be made where a driver who refuses a blood alcohol test following an arrest for operating a vehicle while under the influence of intoxicants fails to appear for the hearing; under such circumstances, judicial review is precluded.

*Willaim B. Davis,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for respondent.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

PER CURIAM. Respondent appeals from an order of the circuit court granting petitioner a restricted license. We reverse and reinstate the decision of the hearing officer.

The record reveals that petitioner's driver's li-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cense was suspended from September 29, 1982, through December 29, 1982, after petitioner refused to submit to a chemical test on August 23, 1982. On April 18, 1985, petitioner was involved in an automobile accident in which his vehicle struck a parked vehicle. Apparently, petitioner was informed shortly thereafter that his refusal to submit to a chemical test on the date of that accident would result in a suspension unless he requested a hearing within fourteen days. He requested a hearing, but failed to appear. His license was thereafter suspended from July 7, 1985, through July 7, 1986.

On September 24, 1985, petitioner filed a petition in circuit court requesting a restricted license, alleging that he otherwise had no means of getting to and from work. A hearing on that petition was held on October 21, 1985. Petitioner testified that his wife could not drive, that there was no public transportation, and that he had no other relative or fellow employee who could drive him to and from work. When questioned whether he had in fact refused a Breathalyzer test on April 18, 1985, petitioner responded that he could not remember refusing the Breathalyzer test. Petitioner testified that the impact of the collision caused him to go through the windshield of his automobile. Because he sustained head injuries, petitioner initially intended to contest the validity of his refusal, but "cancelled" his hearing because "I had to have apparently a real strong statement from the doctor . . . that I had head injuries and so forth."

Relying on petitioner's testimony that he could not remember refusing the chemical test, the circuit court judge issued petitioner a restricted license for driving to and from work.

Respondent appeals, alleging that the circuit court had no discretion to order a restricted li-

cense to a person who has refused a Breathalyzer test twice in seven years and contending that petitioner's failure to appear at the July 2, 1985, hearing waived his right to circuit court review of whether he in fact refused a chemical test on April 18, 1985.

Petitioner contends that the circuit court "may take testimony and examine into all the facts and circumstances incident to the . . . suspension . . . of the person's license" and thereafter "affirm, modify, or set aside the restriction, suspension, revocation, or denial." MCL 257.323(3); MSA 9.2023(3). In the alternative, petitioner contends that the circuit court's wide equitable powers enables the circuit court to review agency determinations.

A person who refuses to submit to a chemical test may request a hearing, which is limited to a determination of the following issues: (1) whether the officer had reasonable grounds to believe the driver committed the crime specified in MCL 257.625c(1); MSA 9.2325(3)(1); (2) whether the person was arrested for the crime; (3) whether the driver unreasonably refused to submit to the test upon the officer's request; and (4) whether the driver was advised of his or her rights concerning the chemical test. After the hearing, the Secretary of State may suspend the driver's license for six months or, for a second refusal within seven years, for one year. MCL 257.625f(2), (4); MSA 9.2325(6)(2), (4).

Circuit court review of the hearing officer's determination is provided for by statute, but is limited to whether the hearing officer correctly determined the above four issues or whether a restricted license should be provided. MCL 257.323; MSA 9.2023. A restricted license, however, is prohibited when the petitioner's license has been

suspended twice within seven years. MCL 257.323c(2); MSA 9.2023(3)(2); *Kester v Secretary of State,* 152 Mich App 329; 393 NW2d 623 (1986). Petitioner's citation to MCL 257.323(3); MSA 9.2023(3) is inapposite. By its express terms, that subsection has no application to determinations resulting in a denial or suspension for failure to submit to chemical tests.

Did the circuit court, then, have the power to grant petitioner a restricted license based on his testimony that he could not remember refusing a chemical test?

Initially, we reject petitioner's contention that the circuit court's equity powers permit circuit court review outside the statute. An appeal to equity is not alone and by itself a sufficient implication of equity jurisdiction. *Love v Wilson,* 346 Mich 327; 78 NW2d 245 (1956). Nothing in petitioner's petition below and nothing cited by petitioner on appeal states grounds for equity jurisdiction.

Otherwise, circuit court review is limited to review of the record prepared at the hearing held pursuant to the driver's request. MCL 257.323(4)(a), 257.625f(2), (3); MSA 9.2023(4)(a), 9.2325(6)(2), (3). No record of the hearing was available for circuit court review in the instant case. As such, circuit court review was precluded and modification of respondent's order of suspension by trial de novo was improper.

We reject petitioner's contention that respondent had the duty to produce the record for circuit court review. While respondent would have had a duty to make a record and produce that record for circuit court review had a hearing been held pursuant to petitioner's request, MCL 257.625f(3); MSA 9.2325(6)(3), we regard petitioner's failure to appear for the hearing to be in the nature of a

default, i.e., an admission of the facts contained in the peace officer's report made pursuant to MCL 257.625d; MSA 9.2325(4) of which the driver received notice from the Secretary of State pursuant to MCL 256.625e; MSA 9.2325(5).[1] No record of proceedings scheduled pursuant to a driver's request for a hearing need be made when the driver fails to appear for the hearing and circuit court review is thereafter precluded. It must be remembered that the administrative hearing at issue is not a criminal proceeding. Had petitioner failed to request a hearing, suspension would have been automatic. MCL 257.625f(1); MSA 9.2325(6)(1). We can not believe that the Legislature intended a different result where, without a request for adjournment, a driver fails to appear for his scheduled hearing.

The order of the circuit court granting petitioner a restricted license is reversed and we remand for reinstatement of the hearing officer's decision.

---

[1] Petitioner makes no claim that the officer who filed his report of defendant's refusal with the secretary failed to appear at the scheduled hearing. See 1979 AC, R 257.37(3).