WALTERS v SECRETARY OF STATE

Docket No. 83425. Submitted June 4, 1986, at Lansing. Decided
        January 21, 1987. Leave to appeal applied for.

On June 19, 1984, Robert W. Walters was involved in an accident
        while an operator of a motor vehicle. He was subsequently
        arrested and was requested to submit to a chemical test for
        intoxication. Walters refused to submit to the test. Walters'
        refusal was reported to the Secretary of State's office, which in
        turn notified Walters that his operator's licence would be
        suspended unless he requested a hearing. The hearing was held
        on October 5, 1984, and Walters' license was suspended for his
        June 19, 1984, refusal. On July 23, 1984, Walters was involved
        in another automobile accident. A preliminary breath test was
        administered to Walters at the scene of the accident at Wal-
        ters' request; and, on the basis of the results of that test plus
        the police officer's observations, Walters was arrested. Walters
        was subsequently requested to submit to another chemical
        sobriety test after being advised of his statutory rights and the
        effects of granting or refusing such a test. Walters refused to
        submit to this second test. That refusal was also reported to the
        Secretary of State. After the requisite notification of the effect
        of the refusal by the Secretary of State and a request for a
        hearing by Walters, a hearing was held on November 5, 1984,
        which also resulted in a suspension of Walters' license. On the
        date that the first suspension order was issued, Walters filed in
        St. Clair Circuit Court a petition for restoration of his license,
        seeking a restricted license. The petition was amended to
        include review of the November 5, 1984, suspension. The circuit
        court, Ernest F. Oppliger, J., issued a restricted license, holding
        that Walters' refusal to take the second test on July 23, 1984,
        was not unreasonable. The Secretary of State appealed.

The Court of Appeals *held:*

The trial court did not base its finding that the July 23, 1984,
        refusal to take the second test was reasonable solely because of

REFERENCES

Am Jur 2d, Administrative Law §§ 539 *et seq.*

See the annotations in the Index to Annotations under Administra-
tive Law.

the existence of the prior preliminary test at the scene of the accident, but rather based the finding that the refusal was not unreasonable on the totality of the circumstances. Review of the entire record supports the trial court's determination.

Affirmed.

ADMINISTRATIVE LAW — FINDINGS OF FACT — APPEAL.

A circuit court's review of the findings of fact made by a hearing officer for the Secretary of State at a driver's license revocation hearing is limited to a determination of whether the findings of the hearing officer are supported by competent, material and substantial evidence on the whole record (Const 1963, art, § 28).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for respondent.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

T. M. GREEN, J. Respondent, the Secretary of State of Michigan, appeals as of right from a March 26, 1985, order of the St. Clair Circuit Court which set aside the suspension of the driving privileges of petitioner, Robert Wayne Walters. Petitioner's license was suspended on November 5, 1984, after a Secretary of State hearing officer determined that the petitioner had unreasonably refused to submit to a Breathalyzer test on July 23, 1984.

Petitioner's driver's license had been suspended twice in 1984, following two separate arrests for driving under the influence of alcohol, MCL 257.625c(1); MSA 9.2325(3)(1). On June 19, 1984, Walters was the operator of a motor vehicle involved in an automobile accident with another vehicle. He was subsequently arrested and was requested to submit to a chemical test. He refused to submit to the test, and that refusal was re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ported to the Secretary of State. The Secretary of State's office notified petitioner that a report of his refusal had been received and that his driver's license would be suspended unless a hearing was requested. Petitioner then requested such a hearing.

Following an October 5, 1984, administrative hearing, the Secretary of State's hearing officer suspended petitioner's driver's license for refusing to submit to the June 19, 1984, request for the chemical test. On that date, petitioner commenced the instant action by filing a petition for restoration of his driver's license in the circuit court pursuant to MCL 257.323c; MSA 9.2023(3). On October 24, 1984, petitioner filed a petition in which he alleged that his driver's license was likely to be suspended on November 5, 1984, by the Secretary of State in connection with his July 23, 1984, refusal to take a second Breathalyzer test.

On November 5, 1984, two events took place affecting Walters' driving privileges. An order for restoration was entered which directed the Secretary of State to, in effect, issue a restricted driver's license to petitioner. Second, on November 5 a hearing was held by the Secretary of State regarding respondent's refusal to submit to the chemical test on July 23, 1984. The Secretary of State's hearing officer suspended petitioner's license for refusing to submit to the July 23, 1984, request for a chemical test pursuant to MCL 257.625f; MSA 9.2325(6). On November 19, 1984, petitioner filed an amended petition in the circuit court action, alleging that the Secretary of State had erred in suspending his license on two grounds: (1) he was not properly advised of his rights under MCL 257.625a; MSA 9.2325(1) and MCL 257.625c; MSA

9.2325(3); and (2) his refusal was reasonable since he submitted to the preliminary breath test.

On January 22, 1985, a hearing was held on petitioner's amended petition in the circuit court. The court issued a restricted license to respondent. The court made the following ruling in determining that petitioner's refusal to take a second Breathalyzer test was reasonable:

> *The Court:* In Re: Robert Wayne Walters.
>
> This case was argued before the court and I have had same researched and have come up with the following opinion.
>
> This appeal was taken from the Secretary of State Driver's License Appeal Division order suspending Robert Wayne Walter's driver's license for refusing to take chemical test and oral arguments were heard on this matter.
>
> The issue before the court is should this court, pursuant to MCLA 257.323(4)(a) [MSA 9.2023(4)(a)], overturn the Secretay [sic] of State Driver [sic] License Appeals Division's order on the grounds that Robert Walters did not unreasonably refuse to take a chemical test.
>
> Those are the facts to be considered in a case such as this, as I see it.
>
> In reviewing the record it is the opinion of this court that Mr. Walters was reasonable in refusing to take a second breath test and further find that he did not unreasonably refuse to take a chemical test in the instant case and, therefore, the court is permitted to issue a restricted license pursuant to MCLA 257.323c(2) [MSA 9.2023(3)(2)] and, therefore, enter a restricted license in this case.

The sole issue on appeal is whether the circuit court erred in finding that respondent reasonably refused to submit to a second chemical test on July 23, 1984. We find that the court did not err.

As part of its statutory scheme, the Michigan

Vehicle Code, MCL 257.1 *et seq.;* MSA 9.1801 *et seq.,* prescribes a procedure to be followed when a person has illegally operated a motor vehicle while under the influence of an intoxicating liquor or drug. The act prohibits the operation of motor vehicles on highways and other public places by persons under the influence of an intoxicating liquor or a controlled substance. MCL 257.625; MSA 9.2325. A person arrested for violating this statute gives implied consent to undergo a test to determine the amount of alcohol or controlled substance in his blood. MCL 257.625c; MSA 9.2325(3). Similarly, a person arrested for operating a vehicle under the influence of, or while his ability to operate the vehicle is visibly impaired by, intoxicating liquor is required to submit to a chemical breath analysis. MCL 257.625(h); MSA 9.2325(8).

Upon the refusal of an operator to submit to a chemical test to determine the amount of alcohol in his blood, a written report must be submitted to the Secretary of State. MCL 257.625d; MSA 9.2325(4). The Secretary of State must thereafter notify the operator of his receipt of this report and of the operator's right to request a hearing within fourteen days of the notice. Further, the notice must state that the failure to request a hearing will result in suspension of the person's license. MCL 257.625e; MSA 9.2325(5).

Following an administrative hearing, the Secretary of State is authorized to suspend a driver's license for a period of six months for a refusal to submit to a chemical test, or, if it is the second or subsequent refusal within seven years, the suspension is for a period of one year, where the hearing officer has made the following findings of fact:

1. The police officer had reasonable grounds to believe the driver committed a crime specified in

MCL 257.625c(1); MSA 9.2325(3)(1)(a) (e.g., driving while under the influence of an intoxicating liquor) and the person was arrested for such a crime;

2. The person was advised of his or her rights concerning the chemical test under MCL 257.625a; MSA 9.2325(1) and MCL 257.625c; MSA 9.2325(3); and

3. The person *unreasonably* refused to submit to the test upon the request of the officer. MCL 257.625f(2); MSA 9.2325(6)(2).

The act further provides for review of a hearing officer's determination to suspend a person's driver's license in the circuit court of the county in which the arrest was made. However, the review is limited to a determination of whether the hearing officer correctly determined the issues enumerated in MCL 257.625(f)(2); MSA 9.2325(6)(2) or a determination of whether to order the issuance of a restricted license as provided in MCL 257.323c; MSA 9.2023(3).

A circuit court's review of the hearing officer's findings is limited to a determination of whether the findings are supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; *Bay Trust Co v Dow Chemical Co,* 326 Mich 62, 65; 39 NW2d 244 (1949). Although the Michigan Vehicle Code does not so expressly state, presumably the circuit court may revoke the suspension and reinstate a petitioner's license if it finds in favor of the petitioner. Further, if a circuit court either affirms the hearing officer's findings or does not review such findings, a court may still order the issuance of a restricted license for the purposes set forth in MCL 257.323c; MSA 9.2023(3), e.g., transportation to and from employment.

In the instant case, the Secretary of State appeals from the trial court's order which affects the

suspension of petitioner's driver's license relating to both refusals to submit to chemical tests. However, the instant appeal refers only to the July 23, 1984, refusal. It is undisputed that the Secretary of State complied with the notice requirements as to respondent's right to a hearing and that respondent timely requested a hearing on the issue. In the administrative hearing, the hearing officer held, inter alia, that petitioner's refusal to take the second Breathalyzer test was unreasonable under the circumstances. This is the only finding that the circuit court found unsupported by the record.

Contrary to the Secretary of State's statements on appeal, the circuit court did not find that petitioner's refusal to take the second Breathalyzer was reasonable solely because he had already submitted to a prior Breathalyzer test at roadside. Rather, the record indicates that the court found, after reviewing the entire record, that under the circumstances as a whole petitioner's refusal was reasonable.

We conclude that the circuit court's finding of reasonableness is supported by the evidence presented in the entire record. Although the circuit court at the time of its ruling and in its written order did not enumerate the circumstances and findings of fact that led to its conclusion of reasonableness, it is clear that the court took into account more than the fact that petitioner had previously submitted to a preliminary breath test. It was brought out both at the administrative hearing and during oral arguments in the circuit court that, following the arrest, petitioner was taken to the police station and placed in tight handcuffs. He repeatedly complained to the arresting officer that the handcuffs were too tight and were hurting

his wrists. Both the arresting officer and petitioner testified at the hearing that petitioner was in an extremely upset and agitated state and was apparently in a great deal of discomfort due to the tightness of the handcuffs. It was while petitioner was in this state that the arresting officer read him his rights with respect to the refusal to take a Breathalyzer test. There is some dispute as to whether or not petitioner was read his rights verbatim or whether or not the arresting officer paraphrased his rights in a misleading manner.

In any event, it is clear from the record on appeal that the circuit court determined that all of these factors contributed to a finding of petitioner's reasonableness in refusing to take the chemical test. On these limited facts, we affirm the circuit court's ruling.

Affirmed.