## JOHNSON v SECRETARY OF STATE

Docket No. 91355. Submitted March 4, 1987, at Lansing. Decided September 7, 1988.

Following a hearing before a Secretary of State referee, Gordon Arthur Johnson's driver's license was suspended for six months for his refusal to submit to a chemical test to determine the amount of alcohol in his blood after his arrest for operating a motor vehicle while under the influence of intoxicating liquor. On Johnson's petition for review, the Genesee Circuit Court, Frederick M. Lewis, J., set aside the license suspension, ruling that petitioner's refusal to submit to the test was not unreasonable. Respondent Secretary of State appealed.

The Court of Appeals *held:*

1. A driver arrested for violating the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor or controlled substances gives implied consent to undergo a chemical test to determine the amount of alcohol or controlled substance in his blood. A driver who refuses to undergo a chemical test may request a hearing which is limited to a determination of (1) whether the arresting officer had reasonable grounds to believe the driver committed an offense specified by the statute, (2) whether the driver was arrested for the crime, (3) whether the driver unreasonably refused to submit to the test, and (4) whether the driver was advised of his rights concerning the chemical test. After such hearing, the Secretary of State may suspend the driver's license for six months or, in the case of a second chemical test refusal within seven years, for one year.

2. Circuit court review of a license suspension following the hearing outlined above is limited to whether the hearing officer's findings were supported by substantial, material, and competent evidence on the whole record and were not contrary to law. Here, the circuit court did not discuss the circumstances and findings of fact leading to its conclusion that petitioner's

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 122 *et seq.*

Suspension or revocation of driver's license for refusal to take sobriety test. 88 ALR2d 1064.

refusal to take the Breathalyzer test was reasonable. Thus, a remand is necessary for a full explanation of the circuit court's determination, including why it believes that the hearing officer's findings were not supported by substantial, material, and competent evidence on the whole record or were contrary to law.

Remanded.

1. AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD-ALCOHOL TESTS — STATUTES.

A driver who refuses to submit to a chemical test to determine his blood-alcohol level following his arrest for operating a motor vehicle while under the influence of intoxicating liquor may request a hearing before the Secretary of State, which is limited to a determination of: (1) whether the arresting officer had reasonable grounds to believe the driver committed an offense specified by the statute; (2) whether the driver was arrested for the crime; (3) whether the driver unreasonably refused to submit to the test; and (4) whether the driver was advised of his rights concerning the chemical test; after such hearing, the Secretary of State may suspend the driver's license for six months or, in the case of a second chemical test refusal within seven years, for one year (MCL 257.625c[1], 257.625f[2] and [4]; MSA 9.2325[3][1], 9.2325[6][2] and [4]).

2. APPEAL — AUTOMOBILES — DRIVER'S LICENSE REVOCATION — BLOOD-ALCOHOL TESTS — STATUTES.

Circuit court review of a Secretary of State hearing officer's decision in a driver's license suspension or revocation hearing for a driver's refusal to submit to a chemical test to determine the amount of alcohol in his blood following his arrest for a violation of the statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor is limited to whether the hearing officer's findings were supported by substantial, material, and competent evidence on the whole record and were not contrary to law (Const 1963, art 6, § 28; MCL 24.306, 257.323[3] and [4], 257.625f[4]; MSA 3.560[206], 9.2023[3] and [4], 9.2325[6][4]).

*James J. Zimmer,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for respondent.

Before: HOOD, P.J., and HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. In this driver's license restoration action, respondent appeals as of right from an order of the circuit court setting aside the suspension ordered by the hearing officer following an implied consent hearing, MCL 257.625f; MSA 9.2325(6). We reverse.

Petitioner's driver's license was suspended from October 10, 1985, through April 15, 1986, after petitioner refused repeatedly to submit to a chemical test after he was arrested for operating a motor vehicle while under the influence of intoxicating liquor (OUIL), MCL 257.625; MSA 9.2325.

On August 17, 1985, Genesee County Sheriff's Deputies William Koryciak and Walter Kellaway observed a motor vehicle owned and operated by petitioner proceeding in an erratic manner on northbound US-23. They stopped the vehicle. After petitioner failed several field sobriety tests and thrice refused to take a "preliminary breath test," petitioner was arrested and transported to the Genesee County Sheriff's Department. There, petitioner again thrice refused a chemical test. Pursuant to MCL 257.625d; MSA 9.2325(4), Officer Kellaway submitted a sworn statement to respondent indicating that petitioner refused to submit to a chemical test upon request.

A hearing followed, at which both deputies, Kevin Bramlet, the Breathalyzer technician, and petitioner testified. On the basis of the testimony offered, the hearing officer made the following findings of fact: that the deputies had reasonable grounds to believe that petitioner had been operating a vehicle while under the influence of an intoxicating liquor; that petitioner was arrested

* Circuit judge, sitting on the Court of Appeals by assignment.

for OUIL; that Deputy Kellaway read petitioner the chemical test rights; that petitioner refused to take a chemical breath test because he believed he was not intoxicated; and that petitioner's refusal was unreasonable. The hearing officer then suspended petitioner's license for six months pursuant to MCL 257.625f(4); MSA 9.2325(6)(4).

Petitioner appealed to circuit court, alleging that the decision was contrary to law and was against the great weight of the evidence. Shortly thereafter, petitioner filed a motion for reversal in which petitioner claimed that the suspension should be reversed based on *Hall v Secretary of State,* 60 Mich App 431; 231 NW2d 396 (1975). Petitioner's assertion of an alleged violation of his right to counsel was predicated upon petitioner's testimony during the administrative hearing which concerned his request to make a telephone call to his employer to inform the employer that he would not be able to work later that evening after his arrest.

At a hearing held on petitioner's motion on March 3, 1986, no further evidence was presented and arguments were given on the motion for reversal. The circuit court equivocated but was persuaded ultimately that petitioner had raised the *Hall* issue factually at the administrative hearing and that the hearing officer's finding of "unreasonableness" was erroneous on the basis of *Hall, supra.*

The sole issue on appeal is whether the trial court erred by reversing the suspension of petitioner's license. The outcome of this case rests upon the scope of review available to a circuit court in reviewing the findings and decision reached by a hearing officer.

A driver arrested for violating the statute prohibiting the operation of a motor vehicle while

under the influence of intoxicating liquor or controlled substances gives implied consent to undergo a chemical test to determine the amount of alcohol or controlled substance in his blood. MCL 257.625c; MSA 9.2325(3). A driver who refuses to undergo a chemical test may request a hearing which is limited to a determination of the following issues: (1) whether the officer had reasonable grounds to believe the driver committed a crime specified in MCL 257.625c(1); MSA 9.2325(3)(1); (2) whether the driver was arrested for the crime; (3) whether the driver unreasonably refused to submit to the test upon the officer's request; and (4) whether the driver was advised of his rights concerning the chemical test. After the hearing, the Secretary of State may suspend the driver's license for six months or, for a second refusal within seven years, for one year. MCL 257.625f(2) and (4); MSA 9.2325(6)(2) and (4); *Kester v Secretary of State,* 152 Mich App 329, 334; 393 NW2d 623 (1986).

Review of a hearing officer's determination by the circuit court is provided by statute. MCL 257.323; MSA 9.2023 provides in pertinent part:

(1) A person who is aggrieved by a final determination of the secretary of state denying the person an operator's or chauffeur's license or an indorsement on a license or revoking, suspending, or restricting an operator's or chauffeur's license or an indorsement may petition for a review of the determination in the circuit court in the county where the person was arrested if the denial or suspension was imposed pursuant to section 625f or pursuant to the order of a trial court under section 328 or, in all other cases, in the circuit court in the county of residence of the person.

* * *

(3) Except as provided in subsection (4), the

court may take testimony and examine into all the facts and circumstances incident to the denial, suspension, restriction, or revocation of the person's license. The court may affirm, modify, or set aside the restriction, suspension, revocation, or denial . . .

\* \* \*

(4) In reviewing a determination resulting in a denial or suspension under section 625f, the court shall confine its consideration to 1 or both of the following:

(a) A review of the record prepared pursuant to section 625f(3) to determine whether the hearing officer properly determined the issues enumerated in section 625f(2).

(b) A determination of whether to order the issuance of a restricted license as provided in section 323c.

Although de novo review by the circuit court was formerly authorized by MCL 257.625f(3); MSA 9.2325(6)(3) and MCL 257.323; MSA 9.2023, two panels of this Court have narrowly construed the provisions of MCL 257.323; MSA 9.2023. In *Kester, supra,* p 335, this Court held that circuit court review in license suspension cases involving a refusal to undergo a chemical test is limited to a determination as to whether the hearing officer's findings were supported by substantial, material, and competent evidence on the whole record and were not contrary to law. A similar approach was taken by this Court in *McMillan v Secretary of State,* 155 Mich App 399, 403; 399 NW2d 538 (1986).

However, in *Walters v Secretary of State,* 157 Mich App 326; 403 NW2d 552 (1987), vacated 428 Mich 904; 406 NW2d 831 (1987), a panel of this Court implicitly rejected the *Kester* holding. In *Walters, supra,* this Court affirmed the independent finding of the circuit court that the petition-

er's refusal was reasonable, contrary to the finding of the hearing officer. Our Supreme Court has since vacated this Court's judgment and ordered the case remanded to the circuit court for a full explanation of that court's determination that petitioner's refusal was reasonable. *Walters v Secretary of State, supra.*

We believe that the appropriate standard of review to apply is the limited scope of review set forth in *Kester, supra.* Review of administrative findings is limited to a determination of whether the hearing officer's findings were supported by substantial, material and competent evidence on the record as a whole and were not contrary to law. Const 1963, art 6, § 28; MCL 24.306; MSA 3.560(206). Because the findings of the Secretary of State are administrative findings, MCL 24.203(2); MSA 3.560(103)(2), the *Kester* panel correctly determined that the scope of review is controlled by MCL 24.306; MSA 3.560(206).

A review of the record reveals that petitioner asserted before the circuit court that he was not afforded a telephone call within a reasonable period of time following his arrest and prior to the time he was offered the opportunity to take the Breathalyzer test. Petitioner, therefore, asserted that he was denied his right to counsel under the Sixth Amendment and that this alleged constitutional violation constituted grounds to support a finding that his refusal was reasonable. However, petitioner did not assert this argument before the administrative hearings officer, a fact which counsel admitted. The circuit court's task was to determine whether the administrative findings were supported by substantial, material and competent evidence on the whole record and were not contrary to law.

Here, as in *Walters, supra,* p 332, the circuit

court did not discuss the circumstances and findings of fact leading to its conclusion that petitioner's refusal to take the Breathalyzer test was reasonable, either at the time of its ruling or in its written order.

Therefore, we remand this case to the circuit court for a full explanation of that court's determination that petitioner's refusal to submit to a Breathalyzer test was reasonable, and of why the circuit court believes that the hearing officer's findings were not supported by substantial, material, and competent evidence on the whole record or were contrary to law. We retain jurisdiction.

Remanded.