ROMAN v SECRETARY OF STATE

Docket No. 171791. Submitted March 16, 1995, at Lansing. Decided
    June 9, 1995; approved for publication September 22, 1995, at
    9:35 A.M.

    The Secretary of State revoked James K. Roman's driver's license
    on the basis of habitual violations of criminal laws relating to
    the operation of a motor vehicle while under the influence of
    liquor or while impaired, MCL 257.303(2); MSA 9.2003(2). A
    hearing officer in the Driver's License Appeal Division of the
    Secretary of State upheld the revocation. Roman sought judi-
    cial review in the Oakland Circuit Court. The court, David F.
    Breck, J., set aside the revocation and granted Roman a re-
    stricted license. The Secretary of State appealed.

        The Court of Appeals *held:*

        MCL 257.323(6); MSA 9.2023(6) provides that a court that
    reviews revocation of a license pursuant to MCL 257.303(2);
    MSA 9.2003(2) must confine its consideration to a review of the
    record prepared pursuant to MCL 257.322; MSA 9.2022 or the
    driving record prepared pursuant to MCL 257.204a; MSA
    9.1904(1).

        In this case, the circuit court did not have a record prepared
    pursuant to § 322 or Roman's driving record prepared pursuant
    to § 204a. Therefore, the circuit court's review and conclusion
    that revocation of Roman's license by the Secretary of State
    was arbitrary, capricious, or a clear abuse of discretion was
    improper.

        Reversed and remanded.

Automobiles — Driver's Licenses — Revocation by Secretary of
        State — Habitual Violations of Drunken Driving Laws —
        Judicial Review.

    Judicial review of the Secretary of State's revocation of a driver's
        license for habitual violations of criminal laws relating to the

References
Am Jur 2d, Automobiles and Highway Traffic § 144.
Statute providing for judicial review of administrative order revok-
    ing or suspending automobile driver's license as providing for
    trial de novo. 97 ALR2d 1367.

operation of a motor vehicle while under the influence of liquor or while impaired is confined to consideration of the record prepared pursuant to MCL 257.322; MSA 9.2022 or the driving record prepared pursuant to MCL 257.204a; MSA 9.1904(1) (MCL 257.323[6]; MSA 9.2023[6]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Mary Louise Pridmore,* Assistant Attorney General, for the respondent.

Before: GRIBBS, P.J., and HOLBROOK, JR., and MARKMAN, JJ.

PER CURIAM. Respondent appeals the December 27, 1993, order of the Oakland Circuit Court setting aside respondent's order revoking petitioner's driver's license and granting petitioner a restricted license. We reverse and remand.

On August 25, 1992, petitioner was convicted of operating a vehicle while under the influence of liquor. Petitioner had a history of driving while intoxicated: on November 12, 1991, petitioner was convicted of driving with an unlawful blood alcohol level, and on October 27, 1988, petitioner was convicted of operating a vehicle while impaired.

On September 4, 1992, respondent administratively revoked petitioner's driver's license under MCL 257.303(2); MSA 9.2003(2). Petitioner sought and received a hearing regarding the reinstatement of his driver's license before an officer of respondent's Driver's License Appeal Division (DLAD) on or about October 22, 1993.

The hearing officer issued a written decision in an order from the DLAD upholding the revocation of petitioner's driver's license. In his opinion, the hearing officer noted that petitioner "further testified that he is completely abstaining from alcohol, although his last use occurred fairly recently

(about a month and a half ago)." The hearing officer further found that a current substance abuse evaluation indicated that petitioner's alcohol dependence was continuous. The officer therefore concluded that petitioner had not demonstrated an ability to maintain total abstinence for a period sufficient to rebut the statutory presumption of being an habitual violator under MCL 257.303(1)(e) (ii); MSA 9.2003(1)(e)(ii). The officer further concluded that the restoration of petitioner's driving privileges would subject the public to an unacceptable risk.

Petitioner subsequently sought judicial review in the Oakland Circuit Court. Petitioner alleged that the deprivation of his driver's license caused him extreme hardship, and he requested the court to enter an order directing respondent to show cause why petitioner's driver's license should not be reinstated.

Respondent filed a response and accompanying memorandum on December 9, 1993. However, a hearing had already been held on December 8, 1993, at which respondent was not represented. At the hearing, the circuit court granted petitioner an order for issuance of a restricted driver's license.

Respondent argues that the circuit court erred in allowing petitioner to appeal respondent's refusal to grant him a driver's license without providing a record of respondent's administrative proceedings.

This is a question of law and is therefore reviewed de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991). At the time of the proceedings in the circuit court, the procedure for appealing a revocation of a driver's license under

MCL 257.303(2)(c), (d), or (e); MSA 9.2003(2)(c), (d), or (e) was as follows:[1]

> In reviewing a determination resulting in a denial or revocation under section 303(1)(d) or (e) or 303(2)(c), (d) or (e), the court shall confine its consideration to a review of the record prepared pursuant to section 322 or the driving record created under section 204a. The court shall set aside the determination of the secretary of state only if substantial rights of the petitioner have been prejudiced because the determination is any of the following:
>
> (a) In violation of the Constitution of the United States, of the state constitution of 1963, or of a statute.
>
> (b) In excess of statutory authority or jurisdiction of the secretary of state.

[1] MCL 257.303(2); MSA 9.2003(2) provides in pertinent part:

> Upon receipt of the appropriate records of conviction, the secretary of state shall revoke the operator's or chauffeur's license of a person having any of the following convictions, whether under a law of this state, a local ordinance substantially corresponding to a law of this state, or a law of another state substantially corresponding to a law of this state:
>
> *   *   *
>
> (c) Any combination of 2 convictions within 7 years for 1 or more of the following:
>
> (i) A violation of section 625(a).
>
> (ii) A violation of former section 625(1) or (2).
>
> *   *   *
>
> (e) Any combination of 3 convictions within 10 years for 1 or more of the following:
>
> (i) A violation of section 625(1), (3), (4), or (5).
>
> (ii) A violation of former section 625(1) or (2) or former section 625b.

At the hearing before the circuit court, petitioner did not dispute the applicability of MCL 257.323(6); MSA 9.2023(6) and in fact argued under that section. However, petitioner did not appear to secure the appropriate record for the court to review. Petitioner has not filed an appellate brief with this Court.

(c) Made upon unlawful procedure resulting in material prejudice to the petitioner.

(d) Not supported by competent, material, and substantial evidence on the whole record.

(e) Arbitrary, capricious, or clearly an abuse of discretion or unwarranted exercise of discretion.

(f) Affected by other substantial and material error of law. [MCL 257.323(6); MSA 9.2023(6).]

The statute clearly states that the reviewing court "shall confine its consideration to a review of the record prepared pursuant to section 322 or the driving record created under section 204a." MCL 257.323(6); MSA 9.2023(6). There is no evidence in the transcript of the December 8, 1993, hearing or the circuit court record that the circuit court had a copy of petitioner's driving record.[2] Furthermore, it appears that petitioner did not order a transcript of the proceedings before respondent's hearing officer. The circuit court cannot confine its review to the record of the hearing or petitioner's driving record if it does not have either of the records to examine. Thus, the circuit court erred in reviewing the matter and issuing a decision in this case without the record of the hearing or petitioner's driving record.

Respondent further argues that the order of the DLAD was not arbitrary, capricious, or a clear abuse of discretion. In granting petitioner a restricted license, the circuit court stated:

Under MCL 257.323(6)(e) [MSA 9.2023(6)(e)], I'll find he's entitled to have a restricted license to and from and in the course of his employment and he must have a [$]200/$500,000 insurance policy and provide for immediate pick-up.

---

[2] The copy of petitioner's driving record provided by respondent was not filed with the circuit court until December 9, 1993, the day after the hearing.

MCL 257.323(6)(e); MSA 9.2023(6)(e) provides in pertinent part:

> In reviewing a determination resulting in a denial or revocation under section 303(1)(d) or (e) or 303(2)(c), (d), or (e), the court shall confine its consideration to a review of the record prepared pursuant to section 322 or the driving record created under section 204a. The court shall set aside the determination of the secretary of state only if substantial rights of the petitioner have been prejudiced because the determination is any of the following:
>
> * * *
>
> (e) Arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion.

Because at the time of the hearing, the court did not have a transcript of the hearing or a copy of petitioner's driving record, upon which a decision should have been based, the circuit court could not have properly reviewed the matter. Accordingly, the court could not have properly found that the hearing officer's determination was arbitrary, capricious, or a clear abuse of its discretion. However, even if the circuit court had properly restricted its review, it gave no indication of the basis for its decision.[3] See *Johnson v Secretary of State,* 171 Mich App 202; 429 NW2d 854 (1988). Therefore, we remand this case for a full hearing on the record in order to afford the circuit court an opportunity to adequately address the issue and articulate its findings.

Reversed and remanded. We do not retain jurisdiction.

---

[3] We further do not find an obvious basis for such a decision. As respondent notes, 1992 AACS, R 257.313(1)(b) specifically provides that a hearing officer shall require a petitioner to prove by clear and convincing evidence that the petitioner has abstained from alcohol and controlled substances for not less than six consecutive months. It appears from the order issued by the DLAD that petitioner testified at the hearing that he had consumed alcohol some six weeks previously.