RODRIGUEZ v SECRETARY OF STATE

Docket Nos. 167281, 177969. Submitted December 13, 1995, at Detroit. Decided February 16, 1996, at 9:10 A.M.

Javier M. Rodriguez petitioned the Oakland Circuit Court for review of the revocation of his driver's license by the Secretary of State pursuant to MCL 257.303(2)(c); MSA 9.2003(2)(c) based on Rodriguez having sustained two drunken-driving convictions within seven years. The court, Robert L. Templin, J., granted Rodriguez a restricted license. Rodriguez subsequently sought from the Secretary of State the restoration of full driving privileges. The Secretary of State denied the request. On appeal, the court, Fred M. Mester, J., set aside the license revocation. The Secretary of State appealed as of right from the first court order (Docket No. 167281) and appealed by leave granted from the second court order (Docket No. 177969). The appeals were consolidated.

The Court of Appeals *held:*

1. MCL 257.323(6); MSA 9.2023(6) allows a circuit court to set aside, but not to modify, a revocation by the Secretary of State of a driver's license pursuant to MCL 257.303(2)(c); MSA 9.2003(2)(c). Thus, the court exceeded its authority in granting a restricted license.

2. A court may set aside a revocation of a driver's license by the Secretary of State pursuant to MCL 257.303(2)(c); MSA 9.2003(2)(c), only where at least one of five grounds for revocation listed in MCL 257.323(6); MSA 9.2023(6) exists. Because none of the five grounds existed in this case, the trial court erred in setting aside the license revocation.

Reversed.

AUTOMOBILES — DRIVERS' LICENSES — REVOCATIONS BY SECRETARY OF STATE FOR DRUNKEN DRIVING — JUDICIAL REVIEW.

A circuit court may affirm or set aside, but not modify, a revocation by the Secretary of State of a driver's license based on the driver having sustained two drunken-driving convictions within

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 112.
See ALR Index under Automobiles and Highway Traffic.

seven years; the grounds on which such revocation may be set aside are limited to those provided by statute (MCL 257.303[2] [c], 257.323[6]; MSA 9.2003[2][c], 9.2023[6]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Mary Louise Pridmore* and *Ron D. Robinson,* Assistant Attorneys General, for the Secretary of State.

Before: BANDSTRA, P.J., and GRIBBS and C. O. GRATHWOHL,* JJ.

BANDSTRA, P.J. Respondent Secretary of State appeals orders of the circuit court issuing petitioner a restricted driver's license in these consolidated cases. We reverse.

The Secretary of State revoked petitioner's license, as required by MCL 257.303(2)(c); MSA 9.2003(2)(c), because petitioner had two alcohol-related driving convictions within seven years. The revocation was for a minimum of one year beginning September 30, 1992. Petitioner had the right to appeal the Secretary of State's decision to the circuit court under MCL 257.323(1); MSA 9.2023(1), but the circuit court's authority is limited in two ways. First, the circuit court can only set aside the Secretary of State's decision; it cannot be modified. MCL 257.323(6); MSA 9.2023(6) (with respect to sanctions imposed under MCL 257.303(2)(c); MSA 9.2003(2)(c) and other listed subsections, the court is authorized only to "set aside" Secretary of State determinations in certain situations); compare MCL 257.323(3); MSA 9.2023(3) (authorizing the court to "affirm, modify, or set aside" other sanctions imposed). Second, the Secretary of State's decision can be set aside only if at least one of the statutory criteria is satisfied. MCL 257.323(6); MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

9.2023(6). At the time the instant orders were entered, § 323(6) provided, in relevant part:

> The court shall set aside the determination of the secretary of state only if substantial rights of the petitioner have been prejudiced because the determination is any of the following:
> (a) In violation of the Constitution of the United States, of the state constitution of 1963, or of a statute.
> (b) In excess of the statutory authority or jurisdiction of the secretary of state.
> (c) Made upon unlawful procedure resulting in material prejudice to the petitioner.
> (d) Not supported by competent, material, and substantial evidence on the whole record.
> (e) Arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion.
> (f) Affected by other substantial and material error of law.[1]

The transcript of the hearing preceding the July 20, 1993, order convinces us that the court did not limit its review to the criteria specified in the statute:

> *The Court:* Well, I'm a little concerned about his drinking because he does have these two convictions—alcohol related offenses. But, I'll do—you say you haven't been drinking anymore? You cut out the booze, have you?
> *The Petitioner:* Yes, sir.
> *The Court:* Okay. Well, I'm going to take a chance on you. I'm going to grant you a restricted license to and from work during the course of employment, and we'll see what happens after that.

The trial court was without power to consider

---

[1] After the orders in this case were entered, § 323(6) was slightly amended; however, the changes are not substantive.

petitioner's representation that he was no longer drinking because it is "outside the statute." *McMillan v Secretary of State,* 155 Mich App 399, 403; 399 NW2d 538 (1986). Further, the statute did not authorize the court to modify the Secretary of State's decision, by granting petitioner a restricted driver's license, in any event. The July 20, 1993, order of the court must be reversed.

The same analysis requires that the July 28, 1994, circuit court order also must be reversed. Before entry of that order, petitioner had petitioned the Secretary of State to have his driving privileges restored. This relief had been denied on the basis of competent, material, and substantial evidence that petitioner had not completely abstained from the use of alcohol for the preceding six consecutive months. See MCL 257.323(6)(d); MSA 9.2023(6)(d); 1992 AACS, R 257.313. Because this Secretary of State determination satisfied the criteria listed in MCL 257.323(6); MSA 9.2023(6), the revocation of petitioner's license could not be set aside by the circuit court.

We reverse.